Statement of the case.

# JOHN HALL

*v.*

# ROBERT M. STEEL.

1. DRAFT—*evidence of acceptance.* It may be, in strictly commercial transactions, that a draft, being retained by the drawee and not returned to the payee in a reasonable time, may be considered as accepted by the drawee, and his liability to pay fixed.

2. ORDER—*whether its retention by drawee is an acceptance.* But where the course of dealing between a contractor and a sub-contractor was for the latter to give orders on the former, which he entered on his stoppage book, and when the monthly estimates came in their amounts would be withheld from the sub-contractor and paid on the orders, it was *held,* that the retention of such an order was not an acceptance thereof, so as to make the drawee liable for its amount.

3. SAME—*extent of drawee's liability on.* Where such had been the previous course of dealing, that a contractor paid orders drawn on him by a sub-contractor to the extent of the money due the drawee in his hands, as shown by the monthly estimates of work done, and it appeared that at the time an order was drawn on the contractor by the sub-contractor, the former had in his hands money due the latter, sufficient to pay forty-five per cent of the orders then in his hands: *Held,* in a suit by the payee of an order so drawn, against the contractor, who retained the order without any formal acceptance, that the payee was entitled to recover forty-five per cent of the amount of the order.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. ANDREW D. DUFF, Judge, presiding.

This was an action of assumpsit, brought by John Hall against Robert M. Steel, upon an order drawn by Charles Grothe on the defendant, in favor of the plaintiff. A trial was had, resulting in a judgment in favor of the defendant.

Mr. DAVIS H. HARRIS, for the plaintiff in error.

Messrs. RAUM & CHRISTY, and Mr. WILLIAM H. PARISH, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The theory of the plaintiff in this case, appellant here, is, that the orders or drafts drawn by Charles Grothe in his favor, on Robert M. Steel, were accepted by Steel, who has thereby become liable to their payment.

We do not think the testimony sustains this view. It may be, in strictly commercial transactions, such paper, being retained by the drawee and not returned to the payee in a reasonable time, may be considered as accepted by the drawee and his liability to pay fixed. But, as we understand the facts, these orders were sent to Steel, who was the principal contractor on the work, to be entered in his "stoppage book," and when the monthly estimates came in, their amount would be withheld from Grothe, the sub-contractor, and paid on the orders thus entered in the book.

This had been the course of dealing between these parties, and, from the plaintiff's own testimony, he expected no other course would be pursued with respect to these particular orders. There was no formal acceptance by defendant of these orders, nor was it expected by the plaintiff there would be.

But, from the course of dealing between these parties with like previous orders, the plaintiff had the right to be paid on them so much money as was in the hands of the defendant, coming to Grothe for his work under the contract. It is in proof, there was forty-five per cent of these orders then in the defendant's hands properly payable on these orders, and it should have been paid to the plaintiff, burdened with no such conditions as the defendant sought to impose.

The plaintiff, in our opinion, is entitled to recover this forty-five per cent, and the court should have so found. Failing in this, the judgment must be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*