SARAH M. LYON v. THE TRAVELERS' INSURANCE COMPANY OF HARTFORD, CONNECTICUT.

*Accident Insurance—Presumption of payment—Waiver of forfeitures—Estoppel.*

1. A brakeman who had taken an accident policy gave the insurance company a written order on the railway company that employed him to pay the insurance company out of his wages the installments of the premium as they fell due. This was delivered by the insurance to the railway company, according to custom. The policy provided that so long as an installment remained unpaid there could be no claim for any injury received meanwhile. The railway com-

pany neglected to pay one of the installments, and within the period which it should have covered the brakeman was killed. *Held,* that notwithstanding the non-payment, the beneficiary in the policy was entitled to recover; the arrangement between the insured and the companies amounted to an assignment to the insurance company of enough of his wages to pay the premium when the installments fell due, and must be regarded as a payment so long as the insurance company did not notify the insured that it was not paid.

By retaining the order and neglecting to give notice of non-payment, the insurance company, *it seems,* waived the forfeiture of the policy which would result from non-payment.

2. Forfeitures are not favored at law or in equity, and provisions therefor will be strictly construed, and their waiver will be assumed, on slight evidence, if equity requires.

3. A party to a litigation cannot be confined to the position first taken by him and out of which the litigation arose, if he took such position under a mistake of facts that was due to the want of information which the other party ought to have given him.

Error to Clinton. (V. H. Smith, J.) Oct. 10.—Oct. 15.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Spaulding & Barker* for appellant.

*Wilkinson & Post* for appellee.

SHERWOOD, J. This is an action upon a policy of insurance issued by the defendant to Mark Lyon, March 3, 1883, insuring him for one year against bodily injuries received through external and accidental violence, and made payable, in case of accidental death, to his mother, the plaintiff. The policy was based upon a written application, and an order upon the Detroit, Grand Haven & Milwaukee Railroad Company, both executed by the insured and bearing even date with the policy. These three instruments taken together, constitute the policy of insurance upon which the rights and obligations of the parties depend.

Mark Lyon, at the time the policy was issued, and thereafter until the time of his death, except when sick, from May 17th to August 20th, was in the employ of the above-mentioned railway company. The premium upon said policy

was $27 for the year, and its payment was provided for by Lyon in the following order :

" PAYMASTER'S ORDER FOR $27.   No. 92,746.

*To the Detroit, Grand Haven & Milwaukee Railroad Company:* Please pay to the Travelers' Insurance Company, of Hartford, Conn., or its authorized agent, the sum of twenty-seven dollars, by installments, as follows :

First installment, 6.75 dollars to be paid and deducted from my wages for the month of March, 1883.

Second installment, 6.75 dollars to be paid and deducted from my wages for the month of April, 1883.

Third installment, 6.75 dollars to be paid and deducted from my wages for the month of May, 1883.

Fourth installment, 6.75 dollars to be paid and deducted from my wages for the month of June, 1883.

The first installment being the premium for two months, the first insurance period under a policy of insurance issued to me by said company, and bearing even date and number herewith ; the second installment being the premium for two months, the second insurance period under said policy ; the third installment being the premium for three months, the third insurance period under said policy ; and the fourth installment being the premium for five months, the fourth insurance period under said policy,—all in accordance with the provisions and conditions of said policy, and my application for the same.

Occupation, brakeman mixed train."

It was also stipulated by the policy that there should " be no liability under this policy for any claim by reason of personal injuries, as aforesaid, occurring in either of the said insurance periods for which the respective installments of premium shall not have been actually paid."

The defendant, after receiving the order, and soon after its date, deposited the same with the railway company, in accordance with a custom existing in such cases between them, and it was the practice of the defendant, early in each month, to send to the railway company a statement of the amount due from the employees of such company by reason of insurance, which the said railway company stopped against the pay of such employees about the middle of the month and paid it over to the defendant.

Mark Lyon had money due him from the railway company for wages in each of the months of March, April and May, in excess of the amount falling due on said order. The defendant rendered its statement of the amount due on the order to the Railway Company on the first of April, May, June, July and August, and the first two payments were made by the Railway Company to the defendant, being from the March and April wages of Mark Lyon. These sums paid for insurance to July 3d, at noon. The Railway Company did not pay the third installment from the May wages, though it had money in its hands, subject to said order, to the amount of $23.42.

Mark Lyon was accidentally killed September 26th, seven days before the expiration of the third insurance period, while at work for the Railway Company on a freight and logging train as a brakeman. He had no wages due him for June, and was paid his May wages by the station agent at St. Johns, July 6th, according to his time kept by the Railway Company, three days after the commencement of the third insurance period. The defendant did not notify Mark Lyon of the non-payment of the third installment; did not cancel the policy nor return the order to him; but rendered statement of back premiums to the Railway Company in July and August, and at the time of his death the Railway Company owed Lyon for wages $40.

One of the clauses of the contract contained in the application is to the effect that, "for any injury received by exposure to accidents, risks or occupation classified as more hazardous than the occupation or hazards against which the insurance is taken, the insured shall be entitled to recover only such amount as the premium paid by the insured would purchase, at the rates fixed by the company for such increased hazard."

So far as the finding or record shows, the first information the plaintiff received after the death of the insured, that the insurance company claimed that they were not liable under the policy, was on the 6th day of October, when she wrote Mr. Thompson, the State agent at Detroit, asking what proofs

of death would be required, and was informed by letter that the policy was not in force at the time of the death of the insured, because of the non-payment of the premium.

The foregoing is the substance of the facts as they are found by the court and appear in the record.

The main defense at the trial was that at the time Lyon received his injuries the contract of insurance, by its own terms, had expired and become null and void by reason of the non-payment of the premium. The plaintiff insisted that the premium for the third insurance period had been paid ; that the defendant waived payment and forfeiture of the policy by its July and August calls upon the Railway Company ; that the defendant retained the order and did not notify Mark Lyon of its non-payment, and did not disclose a forfeiture of the policy.

The circuit judge held as matter of law, from the facts as found, that the premium was not paid for the third period mentioned in the policy, commencing July 3d and ending October 3d, and by reason thereof the contract of insurance was rendered of no effect, and that the defendant had not waived its right to make claim of non-liability, and rendered judgment for defendant.

Upon the facts disclosed by the record in this case, I fail to come to the conclusions arrived at by the circuit judge. I think the facts in the case show clearly a transfer of the premium for the third period to the Insurance Company, and Mark Lyon received the consideration therefor in the policy issued to him. The assignment is in writing, and independent of the order given on the Railway Company for the amount. The order is but a notice to the Railway Company of the transfer, and voucher for it when paid. The assignment is complete without it, and the Insurance Company could, when the installment became due in May, have brought suit for it against the Railway Company. The assignment, though made at the time the policy issued, did not take effect until the money for the premium for the particular period was earned by the insured. The May installment was earned and in the hands of the Railway Company, in accord-

ance with its rules and customs in dealing with the defendant in such cases, and its practice in this particular case, when the same became due. *Hall v. Steel* 68 Ill. 231; *Mandeville v. Welch* 5 Wheat. 286; 23 Am. Law Reg. (note to *Merchants' Nat. Bank v. Coates*) 189. It is true, non-payment of the premium for any one of the periods suspends the enforcement of the policy; but the insured, in a case like this, when he has provided for the payment when due, and the premium made is in the possession of the defendant or under its control, payment will be deemed to have been made, until the insured is notified by the defendant to the contrary. A failure of the Railway Company to make payment when the amount assigned became due will not be presumed.

It is claimed by plaintiff's counsel, and I think with much force, that under the facts and findings in the case the defendant waived the legal effect of non-payment of the premium by the terms of the contract, by the course it pursued with the order and claim transferred to it by the insured for payment. *Baker v. Union Life Ins. Co.* 6 Abb. Pr. (N. S.) 144; 1 Big. L. & A. Ins. Cas. 595. A forfeiture for non-payment of premium is inserted in the contract for the benefit of the insurer. It may be waived by the company. A forfeiture is not favored either at law or in equity, and a provision for it in a contract will be strictly construed, and courts will find a waiver upon slight evidence, when the equity of the claim made, as in this case, is, under the contract, in favor of the insured. *Young v. Life Ins. Co.* 4 Big. L. & A. Ins. Cas. 1; *Miller v. Brooklyn Ins Co.* 2 Big. L. & A. Ins. Cas. 35; *Bouton v. Amer. M. L. Ins. Co.* 25 Conn. 542; *Phœnix Ins. Co. v. Lansing* 15 Neb. 494; *Crane v. Dwyer* 9 Mich. 350; *White v. Port Huron & Milwaukee Ry. Co.* 13 Mich. 356; *Westchester F. Ins. Co. v. Earle* 33 Mich. 143; *Pulford v. Fire Dept. of Detroit* 31 Mich. 458.

While I think the plaintiff's case might be safely rested upon the ground of waiver I prefer placing it upon the ground first stated, viz.: That payment of the premium will be presumed and deemed to have been made out of the fund

provided and assigned to the company for that purpose, until notice of non-payment is given to the insured.

It is also claimed by plaintiff's counsel that defendant, in making its defense in this case, should have been confined to the ground on which it first placed its right to immunity—the State agent's letter to the plaintiff, and therefore the company could not claim the benefit given in the policy of reducing the claim of plaintiff to the sum allowed in case of death of the insured while he occupied a place in the Railway Company's employment, of increased hazard over the one he occupied, mentioned in the policy, when he was insured.

I regard this position, however, as untenable. There would be some force in the suggestion if the plaintiff, in her letter advising the State agent of the death of the insured, had stated that when killed, he occupied the place of increased risk. This she did not do, and of course the reply of the agent had reference only to the statement made in plaintiff's communication. The plaintiff in her right to recover will therefore be confined to the class of risk the position of the insured placed him in when killed in the Railway Company's service.

The judgment must be reversed, and a judgment entered in this Court in favor of the plaintiff and against the defendant for the sum of $270, less $13.50, being the premium remaining unpaid, with costs of both courts.

The other Justices concurred.