Eury *v.* Insurance Company.

(*Nashville.* December 13, 1890.)

INSURANCE. *Failure to pay premium before loss excused.*

Upon the special facts of this case, which are fully set out in the opinion, it is decided that the holder of an accident policy is excused for non-payment of the premium prior to the occurrence of his loss or injury, and that he may nevertheless recover against the company upon the policy.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson County. W. K. McAlister, J.

A. D. Marks for Eury.

W. G. Hutcheson for Insurance Company.

Turney, Ch. J. The defendant issued to plaintiff an accident insurance policy under the following circumstances: Eury was in the employment of the Louisville and Nashville Railroad Company as an extra porter, without regular employment, but required to report at the depot before the departure

of each train to take the place of any one who might be sick or desired to lay off.

He was approached by an agent of the defendant and solicited to take a policy. The plaintiff, who it seems is a dull negro, did not understand. The agent explained it and its benefits. The negro fully explained the character of his employment on the road. When told the cost of a policy was fifteen dollars, he said he did not have that much money; the agent replied that he would take an order on the railroad to be paid out of his wages. Thereupon the contract was made, plaintiff giving the order payable in five monthly installments.

None of the papers were read to plaintiff, nor did he read them. It is with difficulty that he reads at all, and his signature to the order is so illegibly executed that the agent wrote the name just below the signature that he might thereafter know it.

Policy issued November 30, 1887. The order on the railroad company was sent to the superintendent of the railroad company. On January 9, 1888, it was returned to the cashier of the Louisville and Nashville Railroad, at Louisville.

On January 23, 1888, while engaged in coupling cars, Eury was injured, and afterwards lost a hand, and this suit is brought to recover on the policy.

The defendant proves by its manager "that it is the custom to present all orders given before the twentieth of any month to the treasurer of the Louisville and Nashville Railroad in one list

for that month. This list is handed in about the twenty-fourth of each month. 　*　　*　　*
About the twenty-fourth of each month a list is made up of the amounts due from the various employes to us, and this we hand with the orders to the officers of the railroad, who pay them out of the amount of wages due, under an arrangement with us.

"The order given us by Eury was handed in in the usual way, and was returned to us unpaid about the ninth or tenth of January, with information that Eury had left the service of the company, and that there was nothing due him.

"The Louisville and Nashville Railroad and our company are on the best of terms. They afford us every facility for the transaction of our business. If I had requested it, the officers would have permitted me to inspect the pay-rolls of the company."

The first installment of the order was due in December, it calls to be paid out of the wages for that month. After it was filed with the treasurer of the railroad company, the defendant failed to take any further notice of it, or to collect, or attempt to collect, the amount due upon it, although on the best of terms with the railroad officials, who afforded it every reasonable facility for the transaction of its business.

No sufficient reason is given why the December installment could not have been collected, nor why it was allowed to sleep from its maturity in December to the ninth or tenth of January.

The ignorance and illiteracy of the plaintiff, fully discovered to the agent of defendant, is not to be overlooked. When that agent asked him if he had any insurance on his life, he asked him what that was. When explained he said he thought it was a good thing, but that he did not have fifteen dollars, and the agent said "that he would take an order on the railroad to be paid out of my wages. I told him that was all right." All this was deposed to in the presence of the agent, who does not contradict it.

Whatever might have been the views of men of ordinary business intelligence, it is clear to our minds the plaintiff thought there was nothing more for him to do; that the contract was complete, and that he was entitled to recover the sum stipulated to be paid if he should meet with an accident.

He had informed the agent of the uncertainty of his employment, and, as a consequence, of the uncertainty of his earning wages, and understood the agent to contract with a view to those uncertainties. Plaintiff received no intimation to the contrary of such impressions naturally made upon his ignorant and uninformed mind.

Under all the circumstances of the case, including the delay in the effort to collect and the failure to inform plaintiff that the taking of the order was not to operate as a complete discharge of his obligation to pay, the plaintiff was entitled to notice of demand and non-payment.

Judgment reversed and new trial awarded.