BLUNDY v. AETNA LIFE INSURANCE COMPANY OF HARTFORD, CONN.

1. INSURANCE—GROUP POLICY—EMPLOYER'S RECORDS—EVIDENCE.
   Plaintiff who introduces employer's records in action against insurer under group insurance policy is bound thereby.

2. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING VERDICT.
   Where evidence was undisputed and entitled defendant to a directed verdict at the close of plaintiff's proofs, it was not error to enter judgment for defendant regardless of the verdict of the jury.

3. INSURANCE—GROUP POLICY—TERMINATION OF COVERAGE.
   Beneficiary under group life insurance policy was not, as a matter of law, entitled to recover thereon where it appears employee was injured July 5th en route to work, worked a few hours and went home, received final work pay check dated

July 6th and cashed it July 14th, returned to work July 16th and was paid disability benefits less insurance premium during absence, was laid off because of change of models, had signed a statement dated June 30th desiring extension of coverage during layoff and authorizing deduction of premium for one month, and died August 16th in automobile accident, since coverage had terminated.

Appeal from Wayne; Brennan (John V.), J. Submitted June 10, 1943. (Docket No. 50, Calendar No. 42,412.) Decided November 29, 1943.

Assumpsit by Mildred Blundy against Aetna Life Insurance Company of Hartford, Connecticut, and another on a group life insurance policy. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Affirmed.

*M. Wm. Kashmerick* and *Sidney K. Meyer,* for plaintiff.

*Gerald E. Schroeder,* for defendant.

WIEST, J. This is an action by the beneficiary in a group insurance policy on the life of Charles A. Blundy, a former employee of the Chrysler Corporation, who was killed August 16, 1939, in an automobile accident, wholly apart from his employment. The defense was termination of employment and nonpayment of insurance premium. Trial was by jury, with verdict for plaintiff and, under retention of defendant's motion at the close of plaintiff's proofs, judgment *non obstante veredicto* was entered for defendant.

Plaintiff based right to have recovery upon the records of the employer. To that end she introduced such records in evidence and was bound thereby. Under the undisputed evidence there was

no issue of fact for the jury and defendant's motion for directed verdict in its favor should have been granted at the close of plaintiff's proofs. There was no error in entering judgment regardless of the verdict of the jury.

July 5, 1939, Mr. Blundy, while on his way to work, sprained one of his shoulders and after working a few hours was sent to the hospital where his sprained shoulder was taped and he went home and returned to work on July 16th. He was paid disability benefits during the time he was absent, less 81 cents, deducted for insurance premium.

If we consider the claim that his insurance should have been continued during the period of his disability then it ended on July 16th when he was able to return to work.

Change of models in the Chrysler plant led to layoff of employees, including Mr. Blundy, and, therefore, he did not work after he returned to the plant on July 16th. Mr. Blundy's final work pay check, for $7.55, was dated July 6, 1939, and was cashed on July 14, 1939.

Plaintiff offered in evidence the following desire of Mr. Blundy for an extension of his insurance as follows:

"CHRYSLER CORPORATION
"Payment for Insurance

"I desire my insurance coverage under the Chrysler Corporation group insurance plan to remain in effect during the temporary model change layoff in 1939, and I hereby authorize the deduction from wages due me at the time of said layoff of an amount sufficient to pay my insurance in advance for a period of one month.
Date: 6-30-39.
"(Signed) CHARLES A. BLUNDY,
"Badge Number: 99-1133."

The trial judge found there was no testimony to show where the request for continuance of the insurance was between its date of June 30th and July 12th to 15th, when it allegedly appeared in the payroll department.

When laid off Mr. Blundy drew the full amount of wages due him, leaving no money to continue his insurance.

Plaintiff relies much on *Lyon* v. *Travelers Ins. Co. of Hartford, Conn.,* 55 Mich. 141 (54 Am. Rep. 354); but we are not in accord with his contention that decision in that case is controlling of the instant case. It is sufficient to note that in the cited case the insured employee had made an absolute assignment of his wages for the payment of accruing insurance premiums and the employer had accepted such assignment; and further after the premiums became due the employer from month to month had in its hands money due the insured from which payment of premiums could have been made, and even at the time of the employee's death the company was still indebted for wages earned by him in an amount more than sufficient to pay the past due premium. But in the instant case weeks before the death of the insured he accepted payment of the full amount due from the employer and thereafter there was no money due the employee from which the employer could have or should have paid the insurance premiums. The distinction between the two cases is obvious. The insurance of plaintiff's decedent lapsed under the following provision of the policy: "This insurance terminates  *  *  *  upon failure of the member to make the required premium contribution."

We quote, with approval, the following from the opinion of the trial judge:

"It will be noted that the date of this exhibit (to continue the insurance) is 6-30-39. If the policy of insurance is to be in effect on August 16, 1939, the date of Charles A. Blundy's death, it must travel on the legal bridge set up by this instrument. Without plaintiff's exhibit 19 (request for continuance of insurance) there could be no possible issue of fact to be determined for the reason that the record contains no testimony whatsoever to support it. This exhibit must, in law, be construed to mean what its language says. It was dated by its signer, Charles A. Blundy, before he was "laid off," or injured, or sent to the hospital for treatment. To construe its meaning as indicating a request to continue his insurance for a period of 30 days, beginning with July 16th would, in the court's opinion, as a matter of law, do violence to the plain meaning of the language contained therein, and finds no support from testimony in the record. Neither does the record disclose among any other of the exhibits, nor is there any testimony to that effect, which would in the court's opinion, as a matter of law, bridge the gap between the termination of employment, or the last effective date of the insurance, and August 16, 1939, the date of Charles A. Blundy's death.

"Tying all these exhibits together, giving to each its own and its related meaning to all other exhibits, they all add up, in the court's opinion, as a matter of law, to an undisputed issue of fact that Charles A. Blundy's employment terminated on July 5th, or, in any event, not later than July 16th, and that his policy of insurance was terminated on July 16th, or, by the most favorable construction possible from the testimony, prior to the date of Charles A. Blundy's death."

The judgment is affirmed, with costs to defendant.

BOYLES, C. J., and CHANDLER, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.