# Supreme Lodge K. of P. *v.* Connelly.

## *Assumpsit.*

(Decided January 22, 1914.　64 South. 362.)

1. *Insurance; Mutual Benefit; Policy; Agency.*—It was a question for the jury whether a clerk of the local agent of the order had authority to refuse to receive a monthly assessment on the grounds that the insured was not shown by the books to be a member of the order, under the evidence in this case.

2. *Same; Policy Provision.*—The provision of the by-laws made a part of the policy contract that no person should be agent of the order for the collection of assessments or authorized to receive any money, etc., until he should have executed a bond, and it should have been approved by the board of control, did not charge the insured with notice that an employee of a local agency had no authority to receive monthly assessments, or that the local agent had no authority to delegate such power to his clerk.

3. *Same; Agency.*—The power conferred upon an agent representing an insurance company is not such a power as cannot be delegated.

4. *Same; Assessments; Tender; Waiver.*—Where the local agent of a fraternal insurance order refused to receive a tendered monthly assessment on the ground that insured was not a member of the order, the insured was not obligated to make tenders of subsequent assessment.

5. *Same; Notice of Loss; Estoppel or Waiver.*—Where a fraternal order repudiated a contract with an insured and refused to receive a monthly assessment on the ground that the insured was not a member, the beneficiary of the policy was not obligated to make seasonable proof of the death of insured as required by the policy in order to recover thereon.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Francis Connelly as beneficiary, against the Supreme Lodge Knights of Pythias of the World, under a mutual benefit insurance policy issued by defendant. Judgment for plaintiff and defendant appeals. Affirmed.

PERDUE & COX, for appellant. Count 4 as amended was demurrable.—*Assur. Co. v. McGlatcher*, 115 Ala. 213. The court erred in sustaining demurrers to plea 2.—*Fraternal U. v. Zeigler*, 145 Ala. 287; *Supreme Commandry v. Ainsworth*, 74 Ala. 36. On these authorities, it is insisted that the court erred in its other rulings on the pleadings. It is also insisted that the court was in error in the admission of evidence relative to the acts and doings of Mrs. Heineke.—31 Cyc. 1425; 8 South. 666; 30 South. 614; 19 South. 995; 117 Fed. 369; 13 N. Y. St. 66; 87 S. W. 530; 72 N. W. 630. The authority to collect money is of a personal trust nature, and cannot be delegated to another.—39 N. Y. 117; 40 N. Y. 347. Counsel insist that the evidence was such that the charges requested by defendant should have been given, and that it was so preponderant in defendant's favor as to require the granting of a new trial.—*B. R. L. & P. Co. v. Clay*, 19 South. 309; *Cobb's Case*, 92 Ala. 630.

ALLEN & BELL, for appellee. Appellant is bound by any declarations or acts of Mrs. Heineke, and cannot now be heard to say that she has no power or author-

ity to receive the money or to refuse it.—*Syndicate I. Co. v. Catchings*, 104 Ala. 176; *District Grand Lodge. v. Hill*, 3 Ala. App. 483, and authorities cited. Her authority was to be determined by the jury under the evidence in this case.—*U. S. Co. v. Lesser*, 126 Ala. 568; *Robinson v. Aetna I. Co.*, 128 Ala. 477.. They cannot accept the benefits and repudiate the burdens.—*Sheffield v. Harris*, 101 Ala. 564. The courts will not permit an insurance company to stultify itself- by submitting its business to an agent and then come into court and say they were so negligent and careless that they did not know the manner in which such agencies were conducting their business.—*U. S. Co. v. Lesser, supra; Supreme Lodge v. Davis*, 58 Pac. 595. The action of the agent excused further tender of dues.—12 Cyc. 178;. 58 Pac. 595. There was no error in overruling demurrer to the complaint.—*Patterson v. Grand Lodge*, 162 Ala. 530; *Alexander v. W. O. W.*, 161 Ala. 561; *U. O. of G. C. v. Hooser*, 160 Ala. 334; *Com. F. I. Co. v. Capital City Co.*, 81 Ala. 320. On these authorities, the court properly sustained demurrers to defendant's pleas.—*Norwich Union v. Prude*, 156 Ala. 565; 11 Enc. P. & P. 424. Where an insurance company denies liability and places that denial on a specific ground, this is a waiver of other grounds.—*District G. L. v. Hill, supra.* The other assignments of error are either waived because not insisted upon, or made for the first time on the appeal.

McCLELLAN, J.—To John M. Connelly, who died in 1906, was issued in 1895 an insurance certificate, for $1,000, by the insurance department [endowment rank] of the fraternal order known as the Knights of Pythias of the World. The monthly due or assessments due. from him on his policy contract were fully paid by him

until that maturing for June, 1903. That month's assessment was not paid, as will appear from the statement to follow; so under the rules of the order, which, in part, became a part of the contract, his insurance was treated by the order as having ceased because of the forfeiture asserted to have been wrought by the failure to pay the assessment for the month of June, 1903. It was conceded that the June assessment was not paid at all, much less by the *time* it should have been during that month; but the forfeiture asserted thereon was sought to be avoided by reason of the authoritative, unqualified declaration of a clerk or assistant of the local agent of the order at Birmingham, to an authorized representative of the insured, that no such person as John M. Connelly had insurance with the order in that jurisdiction and the declination to receive the then tendered sum of the June, 1903, assessment. It appears that there was an error in the books of the local agent's (a section secretary) office whereby "H" was substituted for "M" in the middle initial of Connelly's name. The defendant (appellant) controverted in the evidence the two major facts involved in the assertion of the avoidance of the forfeiture and denied the authority of the clerk or assistant of its local agent to bind the order by the declaration stated and by the refusal to accept the sum tendered, if so, in payment of the June, 1903, assessment. The section secretary of the order was J. H. Heineke. The clerk or assistant was Mrs. Heineke, his wife.

With reference to the question of Mrs. Heineke's authority in the premises, our conclusion is that the court was correct in submitting that inquiry to the jury for decision on the facts and circumstances shown in the evidence.

[Supreme Lodge K. of P. v. Connelly.]

It was ruled by this court in *Syndicate Ins. Co. v. Catchings*, 104 Ala. 176, 189, 16 South. 46, that the powers usually (there enumerated) conferred on agents representing insurance companies are not of such personal nature, evincing personal trust and confidence only, as to invoke the maximum, "Delegatus, non protest delegare." On brief for appellee, a number of supporting citations are collated in addition to those set down in our mentioned decision.

A by-law in force and effect during 1903, which was an element of the contract under the stipulations thereof, provided: "No person shall be agent of the endowment rank for the collection of assessments, or authorized to receive any money on account thereof, until he shall have executed and delivered a bond as requirer by this section, and the same shall have been approved and accepted by the board of control." It is manifest, we think, that this by-law was only intended, and in fact effected, to safeguard the interest of the order in respect to assuring the accounting for and payment of the assessments. There is nothing in the by-law precluding the reliance by an insured upon the every indicia, as shown by phases of this evidence, of qualification of those in the local office at Birmingham to collect assessments against those who had policies in the order. Nor is there anything in the by-law restricting an agent like J. H. Heineke, who *had* qualified as the by-law requires to receive or collect assessments from persons due to pay them, to commit the exercise of his functions in that regard to a clerk or assistant of the character the evidence, in some of its phases, tended to show Mrs. Heineke was. No difference in construction of the by-law would or could result from the fact, which we assume, that this insured knew of every provision in the quoted by-law. It is, of course, the terms alone of the

by-law that affect the inquiry of authority vel non as it is presented by this contest. Under the evidence adduced on the trial, this statement, taken from *Supreme Lodge Knights of Honor v. Davis,* 26 Colo. 252, 261, 58 Pac. 595, 598, is apt: "Whether or not the July, 1890, assessments were, in fact, tendered to the financial reporter, or to an employee, or his daughter, who had been in the habit of collecting them, is immaterial, because, if the method of collecting assessments by the employee or daughter was generally adopted by the reporter, a tender to those whom he recognized as authorized to receive them would have the same effect as if tendered to him personally."

There is evidence tending to show continued service of Mrs. Heineke in the office of her husband; her access to and control over the books containing the names of the insured in that jurisdiction; her receipt of, and receipting for in the name of the agent, assessments payable at that office, including those due before June, from Connelly; her declaration, after consulting the books kept in the office, that this John M. Connelly was not among those insured in that jurisdiction; and her refusal to receive the requisite sum tendered for John M. Connelly to satisfy John M. Connelly's June, 1903, assessment. Mr. Heineke testified, among other things, that Mrs. Heineke's only authority with reference to the business of the Knights of Pythias "was to receive from *members* money on the dues and give a receipt." (Italics supplied.) By reference to the books of the agents's office, she ascertained, and accordingly acted, that John M. Connelly was not among those insured. It was not possible, of course, for her to exercise this authority without in some way determining who were *members;* and in this instance she pronounced against John M. Connelly's membership as a result of her con-

sultation of the record kept in the agents's office, where-
at the assessments of John M. Connelly were payable
and had·long been tendered and received. Since the au-
thority vel non, and the extent thereof, of Mrs. Heineke
rested in parol, it was the duty of the court to submit
these inquiries for the jury's determination.—*United
States Co. v. Lesser*, 126 Ala. 568, 28 South. 646, among
others.

It is urged for appellant that, even if the June, 1903,
tender was made and refused by Mrs. Heineke, as when
and on the ground the evidence tends to show, it was
incumbent upon John M. Connelly to subsequently con-
tinue the tender of the monthly assessment, and fail-
ing that, as was the case here, the forfeiture asserted
was effected.

If the jury were reasonably satisfied from the evi-
dence of Mrs. Heineke's authority in the premises, and
also reasonably satisfied that the tender of the June
assessment was refused because John M. Connelly was
not a member and was not among those insured in that
jurisdiction, there was no obligation on John M. Con-
nelly to make tenders of subsequent assessments.—29·
Cyc. p. 178, and notes; *Supreme Lodge, etc., v. Davis*,
26 Colo. 252, 58 Pac. 595. The ground of the refusal
was such as to render entirely vain any further tender.
The insurer should have discovered the error and noti-
fied the insured in order to oblige him to make pay-
ments of assessments subsequent to the refusal of the
June, 1913, tender. The placing of the refusal of the
June assessment upon the ground stated was a waiver·
of all other grounds possible (if so) of assertion by the
insured.—*Dist. Grand Lodge v. Hill*, 3 Ala. App. 483,
57 South. 147.

It is also urged for appellant that distinct imperative
provisions of the contract of insurance required the sea--

sonable furnishing of proof of John M. Connelly's death; and that there was a failure of compliance with this condition precedent by beneficiary of the policy. The order having, as might have been found by the jury from phases of the evidence, repudiated the contract and denied, on the ground stated, obligation of any kind thereunder, the requirement for proof of death was not obligatory on the beneficiary under the policy.—*Supreme Lodge, etc., v. Davis, supra; Insurance Co. v. Smith,* 3 Colo. 422; *Insurance Co. v. Gracey,* 15 Colo. 70, 24 Pac. 577, 22 Am. St. Rep. 376.

The appellant assigns on the record 73 errors. Many of these are not insisted upon in the brief; counsel being often content with the mere assertion that the court was in error in the action referred to. The trial court took proper account of the rules of law we have stated, particularly in respect of the rulings made on objections to units of pleading interposed by the respective litigants. We find no prejudicial error in any ruling touching the pleadings. There are 28 assignments that touch this phase of the trial. The general, applicable principles announced must suffice for a response to the argument on the substantive law argued by respective counsel. It would be wholly impracticable to render a detailed treatment of each assignment in this category. Each has been examined, and no prejudicial error appears.

Thirty-two assignments complain of rulings on the admission or rejection of evidence. Those urged in brief have been carefully considered. No error appears to have been committed by the trial court in dealing with this feature of the contest. Furthermore, it seems that objections, by defendant, to answers to questions propounded to the witness Eidge, who was examined by deposition, were not seasonably interposed.—*R. & D.*

*R. R. Co. v. Greenwood,* 99 Ala. 501, 14 South. 495, among others.

All the circumstances reasonably calculated to disclose Mrs. Heineke's authority in the premises, including her association with the office of the agent and her recognized acts therein, were properly received in evidence on the issues stated. The questions of her agency, its authority and extent, were jury matters under the legal principles and issues properly made by the pleading. There were tendencies in the evidence which forbade the giving of the affirmative charge on any of the issues thus made. · What we have expressed as the applicable substantive law confirms the correctness of the court's action in refusing, to defendant, the special charges upon which assignments of error 63 to 66 are predicated.

Only two grounds of the motion for new trial are insisted upon in brief. On the evidence shown by the bill, it cannot be affirmed that the trial court erred in its conclusion that the preponderance of the evidence against the verdict was such as, under the doctrine of *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, would justify its annulment. The other ground of the motion is that one of the jurors was so intimately socially related to the succeeding (the beneficiary named in the policy died pending the suit) beneficiary under the policy as to disqualify him to render an impartial verdict in the cause. The facts on which this insistence was rested were the subject of contest. We do not think the trial court incorrectly concluded from the evidence submitted that the asserted disqualifying relation was not established.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and DE GRAFFENRIED, JJ., concur.