(80 South. 850)

LOCOMOTIVE ENGINEERS' MUT. LIFE & ACCIDENT INS. ASS'N v. HUGHES.
(6 Div. 837.)

(Supreme Court of Alabama. Jan. 23, 1919.)

1. APPEAL AND ERROR ☞994(2)—REVIEW — FINDING OF JURY.

In action on benefit certificate, jury's determination, depending on the credibility of the evidence, will not·be disturbed on appeal.

2. INSURANCE · ☞755(2)—MUTUAL BENEFIT INSURANCE—AUTHORITY OF AGENT—WAIVER OF DEFAULTS—STATUTE.

Before Act 1911, p. 713, agent of mutual benefit society charged with duty of collecting premiums might have conferred upon him by implication, despite absence of authority in by-laws of society, authority to waive, defaults and forfeitures, resulting from failure duly to pay premiums and assessments, by reception thereof after they should have been paid.

3. INSURANCE ☞825(2)—MUTUAL BENEFIT INSURANCE—AUTHORITY OF AGENT—COLLECTION OF PREMIUMS—QUESTION FOR JURY.

In action against mutual benefit society on its certificates of life insurance, existence and extent of authority of agent to collect premiums after due date, and bind company on its certificates, resting on implication and in parol, held a question for the jury. ·

4. INSURANCE ☞825(1)—MUTUAL BENEFIT INSURANCE—AGENT TO COLLECT—DELEGATION OF AUTHORITY—QUESTION FOR JURY.

In action against mutual benefit society on certificates of life insurance, whether agent who collected assessments was authorized to delegate his authority to another to act for him, and in turn for defendant society, was a question for the jury.

5. INSURANCE ☞818(1)—MUTUAL BENEFIT INSURANCE—EVIDENCE.

In action against mutual benefit society on certificates of insurance, it was competent for plaintiff to adduce evidence in recital of her version of statements made to her by society's agent, who collected assessments, subsequent to agent's receipt from his wife of check and cash in payment of assessments, delivered by insured's relative to agent's wife.

6. TRIAL ☞253(5)—MUTUAL BENEFIT INSURANCE—ACTION ON CERTIFICATES—INSTRUCTIONS—OMITTING ISSUES.

In action on benefit certificates, society's special charges, which omitted to take account of issues of waiver of suspension from membership for nonpayment of assessments, asserted in plaintiff's replications, held properly refused, as they incorrectly contracted the issues for the jury.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action by Mrs. Jennie B. Hughes against the Locomotive Engineers' Mutual Life & Accident Insurance Association. From judgment for plaintiff, defendant appeals. Reversed and remanded. .

Weakley & Rice and Frank S. White & Sons, all of Birmingham, for appellant.

Stokely, Scrivner & Dominick, of Birmingham, for appellee.

McCLELLAN, J. The plaintiff (appellee) recovered on three certificates of benefit insurance issued by the appellant to the insured, L. D. Ponder, who died August 21, 1909. A report of this cause on former appeal may be found in 77 South. 352.[1] The appellee was the beneficiary in all of the certificates. Ponder was a locomotive engineer, whose run was between Birmingham, Ala., his home, and Atlanta, Ga. He was a member of the engineers' organization, and as such member was insured in and by the appellant in the aggregate sum of $4,500. The constitution and laws of the appellant imposed the duty upon those holding insurance therein to pay monthly assessments as they were levied and notice thereof given in the association's journal. Not having paid the assessments for the months of May, June, and July, 1909, Ponder was in default with respect to them, and in consequence the insurance given by the certificates sued on was forfeited, unless the defaults thus made by Ponder were waived by some one authorized to conclude the insurer in the premises, in which event Ponder's status as an insured was restored before his death. In addition to general traverse of the averments of counts A, B, and C, the defendant set up in special pleas 3 to 12, inclusive, the indicated acts of forfeiture; and also asserted, through special plea F, that Ponder had made default in two monthly assessments (May and June, 1909). Whereupon, under the laws of the association, he was a "forfeited member," who could not be restored to membership without formal application and medical examination, disclosing good

———

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 201 Ala. 58.

health, etc., which conditions to restoration Ponder did not meet. It is to be noted that no plea was interposed charging fraud at any time with respect to physical condition of the insured. The plaintiff joined issue on the several pleas, and replied severally, specially to them in replications 1 and 2 to pleas 3 to 12 inclusive, and in replication 3 to special plea F. Special replication 1 is this:

"That before the death of deceased defendant collected all the past-due premiums on the policy sued on, knowing at the time that they were past due, and thereby waived any forfeiture of said policies, and provisions of the by-laws set out or referred to in said plea."

The second special replication alleged that at a time when the insurance was in force, and before default in the payment of premium, the authorized agent of the defendant extended the time of payment to the date on which the agent should send his monthly report to the home office, and that the assessments were so paid. It may be observed at this point that since it was proven without conflict that the report of the agent was sent forward on August 8, 1909, and the payment asserted in the replication was made several days subsequent to that date, material averments in this replication were affirmatively disproved.

The third special replication, addressed to special plea F, averred:

"That the defendant accepted payments of the said dues and assessments on the policies sued on before the death of deceased knowing at the time that said dues and assessments were past due, without requiring applications to be made for reinstatement of said policies as required by the by-laws, and plaintiff avers that soon thereafter, and a long time, to wit, 8 days before deceased's death, defendant was informed and had knowledge of deceased's physical condition and of the illness from which he died, and with such knowledge it ratified and affirmed its collection of said past-due assessments, and retained said sum so paid. The plaintiff, therefore, avers that defendant waived the provisions of the by-laws referred to in said plea."

There are no assignments of error based on rulings on the pleadings. The waiver asserted by the plaintiff was predicated of the receipt of these assessments for May, June, and July, 1909, by an agent of the insurer, who was authorized to conclude the insurer to invoke the forfeiture set forth in its pleas. If the waiver set up was sustained by the evidence, and no error intervened, the plaintiff was due to be accorded the judgment that was rendered.

[1] J. S. May was the agent, mentioned before, of the defendant. He testified that he "was insurance secretary of the defendant association" at the time in question; that his duty "was to collect the insurance [i. e., assessments] from the members, take their ap-plications for insurance, and deliver policies"; and that he was the only collecting agent in the division of the organization of which he and Ponder were members. There was evidence tending to show that J. S. May was frequently away from Birmingham, the locus in quo of the division, on his runs to Atlanta, Ga.; that the defendant knew that May's duties as a locomotive engineer took him home station at such frequently recurring times for such periods as was the rule with all insurance secretaries of the defendant who were locomotive engineers. During May's repeated absences on his runs his wife received the payments of assessments from members who came to pay; this service, May testified, being for the accommodation of the men. On August 12, 1909, a relative, a representative of Ponder, gave Mrs. May, at the usual place of payment of assessments, a check and some cash in a sum equal to the assessments Ponder should have paid for May, June, and July, 1909. J. S. May was absent on his run. On that date Ponder went to a hospital in Birmingham, submitted to a surgical operation, and on August 21, 1909, died of pneumonia. Mrs. May, on August 12, 1909, issued a receipt (in the name of J. S. May) for these assessments, using the form furnished by the defendant. There was evidence from which it was inferable that Mrs. May was generally accustomed to pursue this practice, with the express sanction of J. S. May. There was evidence tending to show that J. S. May returned the next day to his home, and the check and cash received by Mrs. May from Ponder's relative were then delivered to J. S. May; that J. S. May retained the check and cash for some time after Ponder's death; that the plaintiff, Mrs. Ponder, told J. S. May, over the telephone several days before Ponder's death, that Ponder was seriously ill at the hospital, and that he (May) could not, as he desired, see him; and that J. S. May told plaintiff not to worry, that Ponder's insurance "was all right." J. S. May's testimony was to the contrary; but the credibility and effect of the whole evidence bearing on this important phase of the case was for the jury's consideration.

[2, 3] At the instance of the plaintiff, the court gave the jury this special instruction:

"The court charges the jury that an insurance agent regularly charged by the insurance company with the duty of collecting premiums on behalf of the company has authority to collect premiums after the due date and bind the company on its policy, if he has full knowledge of the facts and circumstances under which payment was made."

The immediate effect of this charge was to advise the jury that, as a matter of law, the authority of an agent of the insurer to collect premiums on insurance comprehended authority to collect premiums "after the due

date and bind the company on its policy," upon the sole condition that the agent has full knowledge of the facts and circumstances under which the payment is made. The constitution and by-laws of this insurer did not import such authority in J. S. May, though fully informed in the premises, who was authorized to collect premiums; this, of course, concluding, in so far as the terms of the insurer's laws were concerned, against the existence of such authority. Since, however, an agent of May's type might (before the Act of 1911, p. 713) have conferred upon him, by implication, the authority to effect the waiver of defaults and forfeitures resulting from the failure to duly pay premiums or assessments, by the reception thereof after they should have been paid (United Order, &c., v. Hooser, 160 Ala. 334, 49 South. 354; United States Life Ins. Co. v. Lesser, 126 Ala. 568, 28 South. 646), the existence and extent of such authority—resting, as here, in implication, and necessarily in parol—was a question for the decision of the jury under all the evidence bearing on that issue (United States Life Ins. Co. v. Lesser, supra; Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 South. 46). This view consists with the rule that deductions, inferences, or implications, drawn from facts proven, are matters within the jury's peculiar province. The court erred in giving the quoted instruction. It invaded the jury's province.

[4] At the instance of the plaintiff the court also gave this special instruction:

"The court charges the jury that an insurance agent regularly charged by the insurance company with the duty of collecting premiums may delegate or authorize another person to act for him in making such collection where reasonable necessity therefor exists."

Under the evidence the inquiry whether an agent of May's character was authorized to delegate his authority to another to act for him, and, in turn, for his principal, was due to be submitted to the jury. Supreme Lodge, etc., v. Connelly, 185 Ala. 301, 64 South. 362; authorities supra. This instruction (2) also invaded the jury's province.

[5, 6] There are no other errors in the record. It was competent for the plaintiff to adduce evidence in recital of her version of the statements made by J. S. May to her, subsequent to J. S. May's receipt from his wife of the check and cash delivered by Ponder's relative to Mrs. J. S. May. If, as there was evidence tending to show, J. S. May had authority, express or implied, to bind his principal to a waiver of a forfeiture, by receiving payments of assessments after they were due, or authority to delegate his delegated authority to another to act for him and for the insurer, May's statements, and the information he had with respect to Ponder's physical condition, were admissible for their appropriate service in determining these issues of fact. Defendant's special charges, which omitted to take account of the issues of waiver asserted in the replications, were properly refused, for that they incorrectly contracted the issues due to be submitted to the jury.

For the errors indicated, the judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.