(85 South. 821)

## Ex parte LUNDY.

## LUNDY v. STATE.

(4 Div. 892.)

(Supreme Court of Alabama. June 30, 1920.)

**Criminal law ⬦438—Photograph of deceased admissible.**

In a murder trial, photograph of deceased *held* properly received in evidence.

Certiorari to Court of Appeals.

Charlie Lundy was convicted of murder, his conviction affirmed by the Court of Appeals (85 South. 819), and he petitions for certiorari. Writ denied.

E. O. Baldwin, of Andalusia, for petitioner. J. Q. Smith, Atty. Gen., for the State.

McCLELLAN, J. The questions argued in the brief in support of the application for certiorari were correctly decided by the Court of Appeals. 85 South. 819. The reference in the opinion of the Court of Appeals to the photograph of the deceased might be interpreted as casting doubt upon the correctness of the action of the trial court in admitting that photograph in evidence. The photo was properly received in evidence. Sanders v. State, 202 Ala. 37, 79 South. 375, 376.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

(86 South. 19)

## LOCOMOTIVE ENGINEERS MUT. LIFE & ACCIDENT ASS'N v. HUGHES.
(6 Div. 1.)

(Supreme Court of Alabama. June 30, 1920.)

**Appeal and error ⬦1005(3)—Approved findings of fact, based on conflicting evidence, not disturbed.**

Findings of fact by jury, based on conflicting evidence and approved by the court on a motion to set aside the verdict, will not be disturbed on appeal.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Mrs. Jennie B. Hughes against the Locomotive Engineers Mutual Life & Accident Association upon a benefit certificate issued upon the life of L. D. Ponda, in which she was named as beneficiary. Judgment for plaintiff, and defendant appeals. Affirmed.

Frank S. White & Sons, and Weakley & Rice, all of Birmingham, for appellant.

It appears that the father, brother, and wife of insured all knew at the time they paid the assessment that Ponda was being taken to the hospital for a dangerous operation, and it cannot be presumed and is not shown that May or his wife knew these facts when they accepted the check and signed the receipt; therefore no waiver can be claimed. 160 Ala. 334, 49 South. 354.

Stokely, Scrivner & Dominick, of Birmingham, for appellee.

The question here presented was one for the jury under the evidence. 160 Ala. 334, 49 South. 354; 185 Ala. 301, 64 South. 362; 126 Ala. 568, 28 South. 646; 202 Ala. 466, 80 South. 850; 104 Ala. 176, 16 South. 46.

SAYRE, J. This third appeal (201 Ala. 58, 77 South. 352; Id., 202 Ala. 466, 80 South. 850) reduces the contention between the parties to a single issue which will bring the cause to a period. The contention on behalf of appellant is that the issue raised by plaintiff's fourth replication was erroneously submitted to the jury over defendant's exception, and again erroneously decided by the court on the motion to set aside the verdict, for that, it is alleged, there was no evidence fairly going to sustain the allegation of the replication, viz. "the defendant was informed that deceased was confined in the hospital, and that he had been operated on for some trouble in his side, either for appendicitis or for flesh tumor." This question has had due consideration, and the court is of opinion that the issue thus raised was properly submitted to the jury as being a question upon which the evidence was in conflict; and that the court's ruling on the motion should not be disturbed.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.