(94 South. 732)

WRIGHT v. McABEE. (7 Div. 262.)

(Supreme Court of Alabama. Nov. 2, 1922.)

1. Appeal and error ⊖≈1011(1)—Finding based on conflicting evidence as to value of truck not disturbed.

Where the court's conclusion as to value of a truck is based on conflicting testimony, it will not be disturbed on appeal.

2. Partnership ⊖≈79, 95—Partner held not entitled to charge copartner for latter's purchase of truck; certain facts held not to constitute fraud on copartner.

If a truck bought by a partner for the firm was fairly worth the purchase price at which he purchased it, his copartner was subjected to no fraud, suffered no loss, and was entitled to no charge against him on that account, and the fact that at the time he sold his interest in the business to his copartner at an agreed valuation he differed from him as to the wisdom of purchasing the truck did not constitute a fraud on his copartner.

3. Pleading ⊖≈384—Parties may expand inquiry beyond scope of pleadings.

It was permissible for the parties at trial in an action to recover balance of purchase price of a business sold to expand the inquiry to include an item in set-off, though that item was not included in the cross-bill.

4. Pleading ⊖≈430(2)—Disallowance of set-off not pleaded erroneous where proof of item was not objected to, and cross-bill contained general prayer.

Where, in an action for balance of purchase price of a business, an item of $175 in set-off was not pleaded in the cross-bill containing a general prayer for relief, but evidence concerning the item was not objected to by plaintiff nor disputed, it was error to disallow the item where the issue did not involve the assertion of payment, but the character of accounting; plaintiff's failure to object to testimony having brought the item within the scope of the court's investigation.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Action in assumpsit by J. W. McAbee against J. H. Wright. On petition of defendant setting up an equitable defense, the cause was transferred to the equity side; and from a decree there for plaintiff, defendant appeals. Corrected and affirmed.

Tate & Logan, of Anniston, and T. Ben Kerr, of Piedmont, for appellant.

Counsel argue for error in the decree, but without citation of authorities.

B. B. Bridges, of Piedmont, for appellee.

In the absence of agreement, no credit or set-off against complainant's demand can be allowed, upon matter stated in the answer only. Such matter must be brought forward by cross-bill. 130 Ala. 575, 29 South. 201;

97 Ala. 447, 12 South. 65; 52 Ala. 444. Neither pleading, without proof in support thereof, nor proof, without corresponding pleading, is available. Sims, Ch. § 528; 112 Ala. 638, 20 South. 850; 75 Ala. 220; 71 Ala. 75; 56 Ala. 60; 56 Ala. 356. Where witnesses are examined orally before the court, the findings or conclusions of the judge will not be disturbed, unless plainly and palpably erroneous. 199 Ala. 162, 74 South. 58; 201 Ala. 309, 78 South. 85, L. R. A. 1918D, 858; 200 Ala. 574, 76 South. 932; 202 Ala. 609, 81 South. 551.

McCLELLAN, J. The appellee instituted his action at law to recover of the appellant a balance of $413.22 alleged to be due on a writing executed by appellant to appellee. The action was transferred to the equity docket, and the proceedings, including appellant's cross-bill, conformed to a cause of that nature. The essence of the controversy was cross-complainant's (appellant's) effort to eliminate items which went to constitute the purchase price cross-complainant agreed to pay for J. W. McAbee's interest in the Wright Feed Company and for items of charge against McAbee the cross-complainant asserted was his due.

The differences arose in this way: Appellant owned and conducted the Wright Feed Company. J. W. McAbee (appellee) and his brother, Pink McAbee, entered into an agreement with Wright to put $10,000 in funds into the business to offset Wright's interest therein, the three to incorporate the concern. Because of differences arising there was no incorporation; but the business was conducted by the three as a partnership from, to wit, November 3, 1919, until December 20, 1919, when, for an agreed consideration, Wright sold his entire interest to the McAbees, and the McAbees conducted the business until January 7, 1920. On January 7, 1920, the McAbees resold the business to Wright; he satisfying Pink McAbee in a way not presently material, and agreeing to pay J. W. McAbee, appellee, $8,417.72 for his interest therein and acquiring the assets thereof and assuming the obligations of the concern incurred during its operation by the McAbees between December 20, 1919, and January 7, 1920. Wright paid McAbee $3,417.72 in cash, and gave him his obligation for $5,000 maturing 10 days later. Subsequently Wright paid McAbee all of this amount except the $413.22 to recover which the action at law was instituted and the claim reiterated in the cause in equity.

The court heard the testimony of numerous witnesses; and, opening the dealing between the parties, surcharged the account, or items of it, to the extent of allowing Wright credits for the following sums: (a) $100 because of mistake in twice crediting appellee with a sum paid on a Ford car bought during the original relation existing between these parties; (b) $76.65, the value of an account against Borden and Posey which Wright should have acquired in his purchase of the interest of McAbee on January 7, 1920, but which McAbee had collected prior to the resale to Wright on January 7, 1920; (c) $31.35, the amount of appellee's personal account on the books of the concern. These credits aggregated $208. These were rulings favorable to appellant and adverse to appellee; but no review of their propriety is sought. Neither is there any complaint by McAbee of the action of the court in opening the dealing and thus surcharging the account. The only matters submitted to revision here are the items, to be noted, which Wright insists were erroneously disallowed by the court below. The court deducted the aggregate of the credits from the balance (with interest) unpaid on Wright's writing to McAbee and rendered judgment for appellee in the sum of $234.83.

[1, 2] It is insisted for Wright that he should have been accorded a charge against McAbee of $1,000 because the latter, during the progress of the original relation (November 3, 1919, to December 20, 1919), purchased, for the concern, a truck at $2,250, whereas it was then worth only $1,250 or less, and needed repairs which McAbee assured would be made and the truck rendered "as good as new." The testimony in respect of the truck's real value at that time was in dispute. The court saw and heard the witnesses, an advantage not accorded this court. It cannot be here held that the court erred in its conclusion against Wright's contention as to the value of the truck. Apart from other considerations, it will suffice to say that, if the truck was fairly worth the purchase price at which McAbee bought it, Wright was subjected to no fraud, suffered no loss, was entitled to no charge against McAbee, on that account; Wright having later, on December 20, 1919, sold his interest in the concern to which the truck belonged, at a valuation agreed upon by the parties. The fact that he then differed with McAbee as to the wisdom or necessity of purchasing this truck for the use of the concern in which they were jointly interested did not, under the circumstances, constitute a fraud upon Wright.

It is further contended for appellant that the court should have charged appellee with the amount of a check ($413.22) given by the McAbees on the concern's bank account to the Reynolds Tobacco Company to pay an indebtedness contracted by the concern before the resale thereof to Wright. The appellee insisted, and testimony offered for him went to show, that Wright was advised by McAbee of the existence of this check when the amount of the purchase price on resale to Wright was agreed upon and, in effect, Wright, so advised, accepted the repurchase on terms that included the arrangement to pay this check, when it came in, out of funds

(about $1,200) on deposit to the concern's credit at the time. It was open to the court to accept appellee's view of the matter and to reject that, to the contrary, pressed by Wright. Error cannot be affirmed of the conclusion of the court on this issue of fact.

The item of charge asserted by Wright in paragraph 6 of his cross-bill was expressly abandoned on the hearing.

[3, 4] There is insistence by appellant for error in the court's failure to allow an item of charge against McAbee of $175, referred to as the C. L. Morgan (Martin) matter. This claim was not described in the cross-bill setting up the items of charge or of debit upon which cross-complainant relied as a set-off or for decree over against cross-complainant. It is not presently necessary to determine whether it should have been so listed in the cross-bill or not. This matter was, however, made the subject of inquiry on the hearing, without objection or exception on the part of McAbee, cross-respondent. In an exhibit to a letter written by appellee to appellant on January 27, 1920, the item of $175 was listed as contributing that amount to the value of McAbee's interest in the concern for which Wright, on January 7, 1920, agreed to pay McAbee $8,417.22. It was shown without dispute or objection that this Morgan or Martin matter was outside the agreement of the parties, and should not have been included in the items going to constitute the agreed valuation of McAbee's interest in the business plus the sum agreed to be paid him on account of salary. The proof is likewise undisputed that Wright knew nothing of the inclusion of this item until the receipt of the mentioned letter from McAbee to Wright. Notwithstanding the omission to particularize in the cross-bill, containing prayer for general relief, this item of $175 was actually brought within the scope of the investigation without objection on the part of cross-respondent, appellee. It was, of course, permissible for the parties on the trial to thus expand the inquiry to include this item. This was done, and on the present appeal the failure of the court to allow this particular item of charge as an element of cross-complainant's claim is assigned for error. As has been stated, the court, upon hearing the evidence, opened the whole subject of the dealings culminating in the resale, on the basis indicated, of the business to Wright and determine issues back of that transaction, and in the process allowed items of charge or credit that tolled the amount McAbee claimed to be entitled to receive. The court should have included this Morgan matter ($175) in its finding of items of charge or credit in Wright's favor. It was error not to have done so. The contention in brief for appellee that payment, to be available, must be pleaded is, of course, sound and controlling in a proper case. Here, however, the issues did not involve the assertion of payment; but, quite differently, a character of accounting, in respect of the just basis for and the measure of liability between these parties; this without objection on the part of the cross-respondent, the appellee. As for the other errors assigned by the appellant, they are without merit. The decree is affected with error, to the extent only that the deserved allowance of the item of $175 serves to reduce it. A decree will be here entered correcting the decree appealed from by deducting that sum, viz. $175, from $234.83, leaving $59.83 as the true amount due appellee; and, as thus corrected, the decree is affirmed. The cost of the appeal will be taxed against the appellant and appellee in equal proportions.

Corrected and affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.