## DICKS v. McALLISTER. (2 Div. 270.)

(Court of Appeals of Alabama. Feb. 19, 1924. Rehearing Denied April 8, 1924.)

1. Partnership ☞17, 34—Rule as to creation of partnership as affected by intent stated.

Whether two persons were partners inter sese must be determined by their intention as expressed in or gathered from their agreement and the circumstances attending its execution; but, when the rights of third persons who have dealt with them are involved, a partnership may arise by estoppel without an inquiry into, or in direct opposition to, the expressed intention of the parties.

2. Partnership ☞38—Extent of liability for acts of partner in case of partnership by estoppel, stated.

When persons hold themselves out as partners and thereby induce others to deal with them in that capacity, it is no defense that no partnership as a matter of fact exists, and one whose previous declarations or conduct have amounted to a representation that another was his partner will be liable as such for the acts of the other within the scope of the firm's business, though not consulted and without knowledge of the transaction, if one relying on the truth of such representations has been misled thereby to his prejudice.

3. Partnership ☞56—Evidence held to sustain finding that plaintiff was justified in dealing with defendants as partners.

Evidence *held* to sustain finding that plaintiff was justified in dealing with defendants as partners, as against one defendant's contention that they were not partners.

4. Detinue ☞5—Buyer entitled under bill of sale to immediate possession could bring action.

One to whom a bill of sale for lumber had been executed and to whom it was constructively delivered, giving him the right to immediate possession, could bring action in detinue for possession.

5. Appeal and error ☞1011(1)—Findings of fact on conflicting testimony not disturbed.

Findings of fact on conflicting testimony will not be disturbed.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Action in detinue by Charles McAllister against L. E. Loftis and Reubin Dicks. From a judgment for plaintiff, defendant Dicks appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Dicks, 211 Ala. 422, 100 South. 632.

R. Percy Roach, of Mobile, for appellant.

The plaintiff did not have either a general or special property in the lumber sued for. Nor did he have the right to the immediate possession thereof. Therefore he had no right of action. Reese v. Harris, 27 Ala.

---

305; Beck v. Crow, 204 Ala. 295, 85 South. 489; L. & N. v. Parish, 16 Ala. App. 90, 75 South. 638; Rogers v. Whittle, 15 Ala. App. 550, 74 South. 96; Cooper v. Watson, 73 Ala. 252. The maker of the bill of sale having neither title to, possession of, nor right of possession, could not confer upon plaintiff a right of action for the property sued for. Russell v. Walker, 73 Ala. 317; Boulden v. Estey Organ Co., 92 Ala. 182, 9 South. 283. Hairston was the owner of the timber as it grew on the lands, and the severance of the timber therefrom and conversion of same into lumber, did not work a change in ownership. Carpenter v. Lewis, 6 Ala. 682. There was no partnership between Hairston and Loftis. Nelms v. McGraw, 93 Ala. 246, 9 South. 719; Fail v. McRee, 36 Ala. 66; Smith's Ex'r v. Garth, 32 Ala. 371; Alexander v. Handley, 96 Ala. 220, 11 South. 390; Peck v. Lampkin, 200 Ala. 132, 75 South. 580; Stafford v. Sibley, 106 Ala. 189, 17 South. 324; Orman v. Wilson, 203 Ala. 333, 83 South. 57.

Gray & Dansby, of Butler, and John S. Tilley, of Montgomery, for appellee.

The instrument conveying the lumber to appellee was sufficient to show legal title; and, even if he had not had possession, this was sufficient on which to maintain detinue. Lucus v. Pittman, 94 Ala. 616; Jones v. Anderson, 76 Ala. 427. Prior possession was shown by evidence of the fact that the lumber in question was stacked separately and pointed out and delivered to appellee. Miller v. Jones' Adm'r, 26 Ala. 247; McIntosh v. Parker, 82 Ala. 238, 3 South. 19; Bank v. Barnes, 82 Ala. 607, 2 South. 349. The agreement to manufacture and market the lumber made Hairston and Loftis partners. Autrey v. Frieze, 59 Ala. 587; McCrary v. Slaughter, 58 Ala. 230. As to third parties, Hairston could not deny partnership with Loftis. Tillis v. McKinna, 114 Ala. 311, 21 South. 465; Alexander v. Handley, 96 Ala. 220, 11 South. 390; Marble v. Lypes, 82 Ala. 322, 2 South. 701; Wright v. Powell, 8 Ala. 560; Pollard v. Stanton, 7 Ala. 761; Quinn v. Quinn, 81 Cal. 14, 22 Pac. 264; Wipperman v. Stacy, 80 Wis. 345, 50 N. W. 336; Northen v. Tatum, 164 Ala. 375, 51 South. 17; 2 Greenleaf, Evi. § 479.

FOSTER, J.   Charles McAllister brought suit in detinue in the circuit court of Choctaw county for 108,000 feet of lumber, and Reubin Dicks defended as bailee for J. T. F. Hairston. There was a trial before the court without a jury, and judgment was rendered in favor of the plaintiff for the lumber, or its alternate value of $485. From this judgment the defendant appeals to this court.

The facts in this case are substantially as follows: J. T. F. Hairston and L. E. Loftis were interested together in cutting timber near Mt. Sterling, in Choctaw county, Ala., under an agreement by which Hairston was to furnish the stumpage; Loftis to furnish the teams and sawmill and to haul the logs to the mill and manufacture the same into lumber. The mill was about five miles from the Tombigbee river, and Hairston was to pay $2 per thousand for hauling the lumber to the river. The balance of all expenses were to be borne equally between the parties, and they agreed to share the profits equally, though nothing was said about sharing losses. Another term of the contract was that Hairston was to furnish money to handle pay rolls. The plaintiff testified that Hairston on one occasion told him he appreciated the way he treated his partner (Loftis). The business was done under the name of the "Wahalak Lumber Company." The business progressed under the terms of this agreement for a time, but Hairston finally refused to furnish additional money for pay rolls, and there was evidence that he instructed Loftis to get the money where he could. Loftis then procured the money to handle certain pay rolls from the plaintiff and executed to him a bill of sale for the 108,000 feet of lumber in controversy, which lumber was stacked in the millyard and pointed out by Loftis to McAllister and constructive delivery made to him. Thereafter Reubin Dicks, the defendant, acting for Hairston, moved the lumber after having been warned by McAllister, and plaintiff then levied upon the same by a writ of detinue   September 13, 1919; the property thereafter being replevied by Reubin Dicks.

[1] Counsel for both plaintiff and defendant discuss at length the question of whether the facts of this case show that there was a partnership between Loftis and Hairston as a result of their agreement. But we think it is immaterial under the facts of this case whether or not the agreement between Loftis and Hairston constituted them partners inter sese. Whether they were partners inter sese must be determined by their intention as expressed in or may be gathered from the agreement between them and the circumstances attending its execution. Brooke v. Tucker, 149 Ala. 96, 43 South. 141; Couch v. Woodruff, 63 Ala. 466; Bestor v. Barker, 106 Ala. 240, 17 South. 389.

When the rights of third persons, who have dealt with parties associated in business, are involved, a partnership may arise by operation of law without an inquiry into, or in direct opposition to, the expressed intention of the parties. This is technically called a partnership by "estoppel." Couch v. Woodruff, 63 Ala. 466.

[2] It is a well-accepted principle of the common law that when persons hold themselves out as partners, and thereby induce others to deal with them in that capacity, it is no defense that no partnership as a matter of fact exists between them. And

one whose previous declarations or conduct have amounted to a representation that another was his partner will be liable as such for the acts of the other if within the scope of the firm's business, although he was not consulted and may not have known of the transaction if one relying on the truth of such representation has been misled thereby to his prejudice. Alexander v. Handley, Reeves & Co., 96 Ala. 220, 11 South. 390; Alabama Fertilizer Co. v. Reynolds, 85 Ala. 19, 4 South. 639; Levy v. Alexander, 95 Ala. 101, 10 South. 394; Quarles v. Kendrick Mercantile Co., 16 Ala. App. 486, 79 South. 160.

[3] There was evidence upon which the court could find that the plaintiff, a stranger, was justified in dealing with Loftis and Hairston as partners under the name of Wahalak Lumber Company. The court found that there was such partnership. It follows that Loftis had the power to execute the bill of sale for the lumber in the name of the Wahalak Lumber Company giving the plaintiff the legal title thereto and the right to immediate possession of the lumber.

[4] The plaintiff, having a general and special interest in the lumber sued for with right to the immediate possession, had a right to maintain this action. Bank v. Barnes, 82 Ala. 607, 2 South. 349.

[5] This case was tried by the court without the intervention of a jury, there was conflicting testimony, and this court, in harmony with the decisions cited below, will not disturb the findings of fact by the lower court. L. E. Mutual Life & Accident Ass'n v. Hughes, 204 Ala. 492, 86 South. 19; Bickley v. Murdock, 204 Ala. 192, 85 South. 461; McSwean v. McSwean, 204 Ala. 663, 86 South. 646; Reed v. Banister, 202 Ala. 328, 80 South. 410; Grubbs v. Hawkins, 208 Ala. 349, 94 South. 484; Wright v. McAbee, 208 Ala. 404, 94 South. 732.

The rulings of the court on the evidence were not prejudicial to the rights of the defendant.

The judgment of the lower court is affirmed.

Affirmed.