(86 South. 520)

COMMONWEALTH LIFE INS. CO. OF LOUISVILLE, KY., v. ROY. (6 Div. 654.)

(Court of Appeals of Alabama. April 20, 1920. Rehearing Denied May 12, 1920.)

1. INSURANCE ☜639—COMPLAINT HELD SUFFICIENT TO PRESENT ISSUES INVOLVING WAR RISK RIDER AND NONPAYMENT OF EXTRA PREMIUM.

Complaint on life policy, to which a war risk rider requiring extra premium was attached, averring that at the time of the death of insured the policy was in force and effect, in connection with other allegations, *held* sufficient to present the issues as to whether the insurer was liable, despite nonpayment of the extra premium, on account of such action by the beneficiary having been induced by the insurer's superintendent.

2. INSURANCE ☜641(2) — REPLICATION SETTING UP WAIVER GOOD AS AGAINST DEMURRER.

In an action on a life policy to which was attached a war risk rider, requiring payment of extra premium, replication, setting up a state of facts constituting a good reply to the insurer's pleas, alleging nonpayment of such premium, by averring a waiver and postponement of the payment by the insurer's superintendent acting within the scope of his employment and under authority, was good as against demurrer.

3. INSURANCE ☜375(2) — SUPERINTENDENT AUTHORIZED TO WAIVE REQUIREMENT OF EXTRA WAR RISK PREMIUM.

A life insurer's superintendent had authority to waive and postpone payment of an extra war risk premium required by a rider by representing to the beneficiary that payment of such extra premiums would not be required.

4. PLEADING ☜196—DEMURRERS TO REJOINDERS OF WHICH DEFENDANT HAD FULL BENEFIT UNDER GENERAL REJOINDER PROPERLY SUSTAINED.

Demurrers were properly sustained to defendant life insurer's rejoinders, which in effect were merely a denial of the beneficiary's replications, and of which defendant had full benefit under its general rejoinder.

5. INSURANCE ☜664—TESTIMONY OF PLAINTIFF AS TO WHAT SUPERINTENDENT OF DEFENDANT INSURER SAID ABOUT PAYMENT OF EXTRA WAR RISK PREMIUM ADMISSIBLE.

In an action on a life policy defended on the ground of nonpayment of extra premium required by a war risk rider attached, defendant insurer's objection to the question propounded to plaintiff beneficiary as to whether, when defendant's superintendent got the policy to attach the rider, or when he brought it back to her, he made any statement about payment of the extra premium, was properly overruled, the evidence being material to the issues of waiver by the superintendent of payment of such premium.

6. INSURANCE ☜668(15) — SUBMISSION TO JURY OF QUESTION OF EXTENT OF AUTHORITY OF INSURER'S SUPERINTENDENT PROPER.

In an action on a life policy defended on the ground of nonpayment of an extra war risk premium required by a rider, plaintiff claiming that defendant insurer's superintendent had waived or postponed such payment, under the evidence it was proper to submit to the jury the question of the extent of the authority of such superintendent or agent.

7. TRIAL ☜253(5)—SPECIAL CHARGES FOR DEFENDANT INSURER PROPERLY REFUSED, AS IGNORING WAIVER OF WAR RISK PROVISIONS PLEADED BY PLAINTIFF.

In an action on a life policy defended for nonpayment of extra war risk premium required by a rider, plaintiff, claiming that defendant insurer's superintendent had waived or postponed such payment, special charges that if the jury believed the evidence, payment of the extra premium was a prerequisite to putting the policy in force, etc., were properly refused, as ignoring waiver by the superintendent of the provisions of the war risk rider as set up in the plaintiff beneficiary's replication.

8. TRIAL ☜244(3) — REQUESTED CHARGES PROPERLY REFUSED, AS GIVING UNDUE PROMINENCE TO PORTIONS OF TESTIMONY.

In an action on a life policy, defended for nonpayment of extra war risk premium required by a rider, plaintiff, claiming that defendant insurer's superintendent had waived or postponed such payment, written charges, requested by defendant insurer that if its superintendent told plaintiff beneficiary she would not have to pay the extra premium, etc., such statement did not amount to refusal to accept the premium, nor a waiver thereof, *held* properly refused, as singling out and giving undue prominence to portions of testimony.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Mrs. Avarillar Roy against the Commonwealth Life Insurance Company of Louisville, Ky. From judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied, 204 Ala. 560, 86 South. 522.

For the pleading see report of the same case on certiorari to the Supreme Court.

Assignment of error is as follows:

The court erred in overruling defendant's objection to the question propounded by plaintiff to Mrs. Roy: "At the time he got the policy from you to attach this rider to it, or at the time he brought it back to you, did he make any statement to you about the payment of the ex-

---

tra premium on the policy? If so state what he said." ,

The oral charge of the court excepted to was that part of the charge submitting to the jury the question as to whether or not Adams, the agent, did waive payment of the premium due under the terms of the policy.

The charge made the basis of assignment 9 is as follows:

The court charges the jury that, if you believe the evidence in this case, Adams had no authority to waive the payment of the $50 additional premium, provided in the consent to serve, attached to said policy, to be paid by the insured to the defendant.

Assignment 15, practically the same as assignment 9.

Assignment 19, practically the same as assignment 9.

Assignment 10:

The court charges the jury that, if you believe the evidence in this case, the payment of the additional premium of $50 by the insured to the defendant before engaging in the military service of the United States in time of war beyond the land territory of the 48 states and the District of Columbia of the United States, was a prerequisite to the putting in force the policy to cover his death in such service, as a result of such service.

Assignments 17 and 18 state the same legal proposition as is asserted in assignment 10, the phraseology being varied somewhat.

Assignment 13:

The court charges the jury that if you are reasonably satisfied from the evidence that G. W. Adams told plaintiff no more, in substance, than, "You will not have to pay this extra premium, and if I were you I would not do it," this did not in fact amount to a refusal to accept the premium nor to a waiver thereof.

Assignment 14 states the same legal proposition.

Huey & Welch, of Bessemer, for appellant.

The following authority will demonstrate that the court erred in its rulings on the pleadings, the evidence, and the charges to the jury: 96 Ala. 568; 11 South. 671; 74 Ala. 487; 138 Ala. 526, 35 South. 463; 45 South. 208; 155 Ala. 265, 46 South. 578, 130 Am. St. Rep. 21; 187 U. S. 335, 23 Sup. Ct. 126, 47 L. Ed. 204; 25 Cyc. 861, note 37; 109 Mass. 430; 94 Ala. 434, 10 South. 530; 5 Ala. App. 392, 59 South. 336.

Goodwyn & Ross, of Bessemer, for appellee.

There was no error in the rulings on the pleading. 128 Ala. 242, 29 South. 646; 201 Ala. 486, 78 South. 392; 130 Ala. 356, 30 South. 496; 157 Ala. 663, 47 South. 572; 187 Ala. 364, 65 South. 536; 186 Ala. 420, 65 South. 143; 199 Ala. 164, 74 South. 63.

BRICKEN, P. J. Appellee brought suit against appellant on a life insurance policy issued by appellant upon the life of Newton M. Roy, who was killed in battle in France during the late war, and at the time of his death was in the service of the army of the United States.

In defense of this action the appellant claimed that the extra premium required on the war risk rider to the policy had not been paid, and as a result of the nonpayment of the extra premium was therefore not liable under the policy. Appellee, however, claimed that the failure to pay such extra premium was induced by the appellant's superintendent through his statements to her, to the effect that payment of such extra premiums would not be required, and it was not necessary to pay such premiums in order for the policy to be and remain in full force and effect, and that she "need not pay the same, as he would cut it off," thereby causing plaintiff to honestly believe that the payment of such premium was unnecessary to keep said policy in full force and effect, and that, acting upon such honest belief, induced by the representations of appellant's superintendent, she failed to pay said extra premiums. The case was tried upon the complaint, and pleas 1 to 6, and upon plaintiff's replications 1 and 2. Judgment was rendered for the sum of $450, being the face of the policy of $500, less $50, extra premium; the judgment being based upon the verdict of the jury.

[1] The complaint was substantially in code form, and contained the averment "that at the time of the death of the insured said policy was in force and effect." This averment, in connection with the other allegations in the complaint, was sufficient to present the issues involved. Moreover, the court in its oral charge to the jury fully and fairly stated the issues to be determined, and clearly limited plaintiff's right of recovery to a certain state of facts necessary to be averred, and, if true, would constitute a legal tender of the premium as a matter of law. The complaint is not subject to the criticisms made by appellant, and the demurrers thereto were properly overruled.

[2, 3] Assignment of error numbered 2 is without merit. The court properly overruled the demurrers to special replication numbered 2, the replications not being subject to the criticisms of appellant. This replication set up a state of facts which, if true, would constitute a good reply to defendant's pleas. The replication averred a waiver and postponement of the payment of the extra premium by appellant's superintendent while acting within the line and scope of his employment, and that he had the authority to make such waiver. The defendant's superintendent did have such authority. U. S. Life Ins. Co. v. Lesser, 126 Ala. 568, 28 South. 646.

Therefore the court did not err in overruling demurrers to this replication.

[4] There was no error in sustaining the demurrers to defendant's rejoinders numbered 2 and 3. They were, in effect, merely a denial of the replications, and of which defendant had full benefit under its rejoinder numbered 1, the general rejoinder.

[5] The court committed no error in overruling objection interposed by defendant to the question asked plaintiff, which ruling is made the basis of assignment numbered 5. This question was proper, and the evidence adduced was very material to the issues involved.

[6] The portions of the court's oral charge to which exceptions were reserved are free from error. Under the evidence in this case it was proper to submit to the jury the question of the extent of the authority of the agent (Adams). Life Ins. Co. v. Lesser, 126 Ala. 568, 28 South. 646; Sup. Lodge v. Connelly, 185 Ala. 301, 64 South. 362; Fire Ins. Co. v. Kronenberg, 74 South. 63.[1] And, under authorities, supra, the refusal of special written charges, referred to in assignments 9, 15, and 19, was without error.

[7] There was no error in refusing to give the special charges made the basis of assignments 10, 17, and 18. Each of these charges was faulty, in that each of them ignores the waiver of the provisions as set up in plaintiff's replications.

The affirmative charge was properly refused to defendant; therefore there is no merit in assignments of error numbered 11 and 12.

[8] The refused written charges, referred to in assignments of error 13 and 14, were faulty, in that they singled out and gave undue prominence to certain portions of the testimony.

All questions presented by this record have been considered; and, as no error appears prejudicial to the substantial rights of appellant, the judgment of the circuit court must be, and is hereby, affirmed.

Affirmed.