(92 South. 448)

**SCRIMSCHER v. HOUSE.** (6 Div. 647.)

(Supreme Court of Alabama. April 20, 1922.)

**Trial ⚖139(1)—Under scintilla of evidence rule defendant not entitled to general affirmative charge.**

Where there was some evidence which, if believed by the jury, would entitle plaintiff to recover, defendant was not entitled to a general affirmative charge with hypothesis as the scintilla of evidence rule prevails in this state.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Ben House against G. W. Scrimscher. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

The evidence in this case estops the plaintiff from a recovery in this case. 151 Ala. 265, 44 South. 203.

Goodwyn & Ross, of Bessemer, for appellee.

Counsel discuss the issues, but without citation of authority.

MILLER, J. This suit was commenced by Ben House against G. W. Scrimscher in the inferior court of Bessemer by attachment to collect a debt of $53.75 for material furnished in repairing an automobile of defendant, and to establish and enforce a lien for the materials on the automobile. There was judgment by default against defendant, with leave to execute a writ of inquiry in the inferior court, and the defendant appealed therefrom to the circuit court.

The complaint claimed in separate counts $53.75 due by account, due for work and labor done and due for merchandise, goods, and chattels sold by the plaintiff to the defendant. The defendant pleaded the general issue, set-off, and recoupment. The jury returned verdict for plaintiff for $53.75, judgment was rendered thereon by the court, and the defendant appeals therefrom.

The defendant requested the court to give the general affirmative charge with hypothesis in his favor. The court refused to give

it, and the errors assigned are based on the court's refusal to give that charge.

The scintilla of evidence rule prevails in this state. Penticost v. Massey, 202 Ala. 681, 81 South. 637. In McMillon v. Aiken, 205 Ala. 40, headnotes 9–11, 88 South. 139, this court, through Justice Thomas, wrote:

"If there is evidence reasonably affording an inference adverse to the right of recovery by the party asking the general charge * * * or from which the jury might draw an inference adverse to such party, the general charge should not be given."

We have read all of the evidence in this case, and we find some in the record which, if believed by the jury, would entitle plaintiff to recover. The testimony of plaintiff and defendant is irreconcilable; the jury alone could settle it. There is clear, positive proof or clear inferences therefrom which, if believed by the jury, would give plaintiff the right to recover; and there is also clear, positive proof or clear inference therefrom which, if believed by the jury, would entitle the defendant to a verdict in his favor. It is not necessary to refer to or set out this conflicting testimony of the parties or the conflicting tendencies of the different phases of the evidence of each party. It would serve no good purpose. This being the nature of the testimony, neither party was entitled to the general affirmative charge with hypothesis; and the court did not err in refusing the one requested by the defendant. McMillon v. Aiken, 205 Ala. 35, headnotes 9–11, 88 South. 135; Lumber Co. v. Reed, 202 Ala. 322, 80 South. 404.

Finding no error in the record, the case is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.