### NATIONAL LIFE INS. CO. OF UNITED STATES OF AMERICA v. REEDY et al. (6 Div. 930.)

Supreme Court of Alabama. Oct. 13, 1927.

Rehearing Denied Jan. 12, 1928.

I. Insurance ⊂⊃91—Secret terms of insurance agency contract were not binding upon insured without notice thereof.

Secret terms of contract between soliciting agent and general agent of insurance company were binding upon parties but not upon insured without notice thereof.

2. Insurance ⊂⊃375(2)—General agent, in absence of notice to contrary, can bind company by acts done within scope of agency to extent of recognized waiver of conditions of policy which would otherwise operate as forfeiture (Code 1923, §§ 7209, 8353).

Under Code 1923, §§ 7209, 8353, general agent, with authority to issue and consummate contracts of insurance, in absence of notice to contrary, has authority to bind company by his acts done within ordinary scope and limits of insurance business, and his agency to extent of a recognized waiver of express conditions of policy which would, in absence of such waiver, operate as forfeiture.

3. Insurance ⊂⊃668(2)—Whether general agent authorized local agent to collect past-due premium within grace period held for jury.

In action on life insurance policy, question whether general agent authorized local agent to collect past-due premium within period of 30 days' grace stipulated by terms of policy, being disputed by tendencies of evidence, was question for jury.

4. Insurance ⊂⊃186(3)—Provisions of insurance agency contract were binding upon local agent, if he was requested by general agent to collect premium of assured without having in his possession company's receipt.

Provisions of insurance agency contract, requiring local agent to devote his time to

service of general agent and company and to observe rules and regulations of company and instructions of general agent, were binding upon local agent, if he was specifically requested by general agent to collect premium of assured without having in his possession company's receipt, conditioned upon its being countersigned by general agent.

**5. Insurance ⬅️186(3)—Contract provision that local insurance agent should not collect moneys unless authorized in writing was satisfied by evidence that general agent wrote requesting him to collect premium.**

Provision of insurance agency contract that local agent should not receive any moneys due or to become due to general agent, unless authorized in writing or in exchange for conditional receipt, was satisfied by tendency of evidence' that general agent wrote to local agent requesting him to collect premium.

**6. Insurance ⬅️186(3)—Provision relating to payments of insurance premiums was not limited to subsequent or renewal premiums.**

Insurance policy provision, providing that "all premiums are payable at home office but will be accepted elsewhere if paid to an agent in exchange for duly signed and countersigned receipt of company," was not limited to subsequent or renewal premiums but applied to all premiums.

**7. Insurance ⬅️145(2)—Agent authorized to countersign and deliver renewal receipts may give credit and make binding renewal by parol, though receipt is required to be countersigned by agent.**

An agent intrusted with and authorized to countersign and deliver renewal receipts for insurance may give credit and make binding renewal by parol, though that receipt is required to be countersigned by said agent.

**8. Insurance ⬅️669(8) — Instruction that if general agent instructed local agent to collect premium and insured paid it plaintiff could recover though agent did not turn money over to company held correct.**

In suit on life insurance policy, where policy provided that premiums were payable at home office, unless "accepted elsewhere if paid to an agent in exchange for receipt signed by president, vice president, or actuary, and countersigned by agent designated thereon," instructions that, if jury believed that general agent instructed local agent to collect premium November 1st, and that insured paid agent premium November 27th or 29th, verdict should be for plaintiffs, and that it would make no difference whether agent turned money into company or not, held correct.

**9. Insurance ⬅️668(2)—Whether general agent sought to collect insurance premium through local agent held for jury.**

In action on life insurance policy, question whether general agent sought to collect premium by way of local agent held for jury.

**10. Insurance ⬅️186(3)—General agent could collect life insurance premium through local agent.**

General agent of life insurance company had authority to collect insurance premiums by way of local agent.

**11. Appeal and error ⬅️1005(4)—Where evidence was not overwhelming for appellant, Supreme Court will not reverse trial court for refusing new trial.**

Where Supreme Court could not say from record that evidence for appellant was overwhelming in its favor, Supreme Court was not required to reverse trial court for declining to grant new trial.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Action on a policy of life insurance by Eugene L. Reedy and Sam Alread, as administrators of the estate of Wilson B. Reedy, deceased, against the National Life Insurance Company of the United States of America. From a judgment for plaintiffs, defendant appeals. Affirmed.

These charges were given for plaintiff:

"A. The court charges the jury that, if they believe from the evidence that Dr. Foster instructed W. E. Wright to collect the semiannual premium due on November 1, 1924, and that Reedy paid to the said W. E. Wright the said premium on November 29, or on November 27, 1924, then you will find a verdict for plaintiffs.

"B. The court charges the jury that, if they believe from the evidence that Dr. Foster instructed W. E. Wright to collect the premium due November 1, 1924, and that Reedy paid it to the said Wright on either November 27 or 29, 1924, then you will find for the plaintiffs; it would make no difference in that event whether Wright turned the money into the company or not."

Percy, Benners & Burr, of Birmingham, for appellant.

The provisions in the policy, restricting the authority of the agent and requiring payment of premiums to be made at the home office of the company or to an agent producing a receipt, are valid and enforceable. Conway v. Phœnix Mutual, 140 N. Y. 79, 35 N. E. 421; Powell v. Prudential, 153 Ala. 611, 45 So. 208; Metropolitan v. Hall, 104 Va. 572, 52 S. E. 347; Slocum v. New York Life, 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 885, Ann. Cas. 1914D, 1029; New York Life v. Horton (C. C. A.) 9 F.(2d) 321; Stipcich v. Metropolitan (D. C.) 8 F.(2d) 285; Long Creek Bldg. Ass'n v. State Life Ins. Co., 29 Or. 569, 46 P. 366. A soliciting agent is one of limited authority, and the burden of showing an extension thereof rests upon assured. Lett v. Liverpool, etc., Co., 213 Ala. 488, 105 So. 553; Ala. St. Mutual Ins. Co. v. Long Clo. Co., 123 Ala. 667, 26 So. 655; 32 C. J. 1321.

Sowell & Gunn, of Jasper, and Z. P. Shepherd, of Carbon Hill, for appellees.

The general agent was the alter ego of the defendant company in Alabama. Code 1923, §§ 7209, 8353; Secy. Mutual v. Riley, 157 Ala. 553, 47 So. 735; Insurance Co. v. Norton, 96 U. S. 234, 24 L. Ed. 689; Sun Ins. Co. v.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Mitchell, 186 Ala. 420, 65 So. 143; U. S. H. & A. v. Goin, 197 Ala. 584, 73 So. 117; Supreme Ruler, etc., v. Darwin, 201 Ala. 687, 79 So. 259. The contract between the company, the general agent, and the soliciting agent was not binding on the assured. Code 1923, § 8371; Manhattan Life v. Parker, 204 Ala. 313, 85 So. 298. A general agent has authority to bind the company to the extent of modifying terms and conditions of insurance contracts, or waiving express conditions of the policy. 32 C. J. § 583, p. 1328. The disputed question whether Foster authorized Wright to collect the premium in question was properly left for the determination of the jury. Wilson v. Windham, 213 Ala. 31, 104 So. 232; Insurance Co. v. Norton, 96 U. S. 234, 24 L. Ed. 689.

THOMAS, J. The suit was upon a policy of life insurance. The trial was had on counts 4, 5, and 6. Defendant pleaded the general issue and in short by consent, etc.

The general agent, Foster, was, for many purposes, the alter ego of the company in this state and with authority to bind the principal by certain contracts within the scope of his agency and conduct of that business. Sections 7209, 8353, Code of 1923; Sun Ins. Office of London v. Mitchell, 186 Ala. 420, 426, 65 So. 143; Pacific Mut. Life Ins. Co. v. Hayes, 202 Ala. 450, 453, 80 So. 834; Southern States Fire Insurance Company v. Kronenberg, 199 Ala. 164, 74 So. 63; Insurance Co. of North America v. Williams, 200 Ala. 681, 77 So. 159. The trilateral contract between Wright, soliciting agent, Foster, the general agent, and the National Life Insurance Company of the United States of America, contains, among other things, the following statements:

"The general agent does hereby appoint the said party of the second part his agent for the purpose of procuring for him applications for insurance in the National Life Insurance Company of the United States of America, hereinafter referred to as the company, on the lives of individuals, and forwarding same to the general agent for approval or disapproval by the company, and 'for collecting and forthwith forwarding first-year premiums, as shall be directed by the general agent or the company, in accordance with the terms and conditions of this contract, and for no other purpose whatsoever.' Under no circumstances whatever shall a policy be delivered unless the first premium shall have been duly settled during the applicant's good health. The agent is not authorized to accept anything but cash in payment of a premium. He may, however, accept a note, the giving of which note, shall be deemed to be an individual transaction between himself and the policyholder, and the agent shall immediately become liable to the general agent for the premium, which liability shall be settled the same as though cash had been paid, within such time or in such manner as may be prescribed by the rules of the general agent or the company. * * *

"The agent agrees to devote his entire time, talents and energies to the service of the general agents and the company and act exclusively for them, and also to obey and observe the rules and regulations of the company and instructions of the general agent, and, in consideration of said agreements by the agent, the general agent agrees to allow him the following compensation."

[1] Its secret terms were binding upon the parties and not upon the insured without notice thereof—this business policy of secrecy as to its effect is declared in section 16, the same "be considered confidential" and under penalty of forfeiture that under no circumstances shall the soliciting agent divulge "the terms thereof to any person or persons." The record fails to disclose the fact that the insured knew of any provision of that agency contract or any limitation contained therein. Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 85 So. 298.

[2] A general agent, with authority to issue and consummate contracts of insurance, in the absence of notice to the contrary, has the authority to bind the company by his acts done within the ordinary scope and limits of such insurance business and his agency, to the extent of a recognized waiver of the express conditions of the policy which would, in the absence of such waiver, operate as a forfeiture. 32 C. J. § 583, p. 1328; Georgia Home Ins. Co. v. Allen, 119 Ala. 436, 24 So. 399; Cowart v. Capital City Ins. Co., 114 Ala. 356, 22 So. 574; Pope v. Glens Falls Ins. Co., 130 Ala. 356, 30 So. 496; U. S. Life Ins. Co. v. Lesser, 126 Ala. 568, 587, 28 So. 646; Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Tedder v. Home Ins. Co., 212 Ala. 624, 103 So. 674; Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 85 So. 298; Pacific Mut. Life Ins. Co. v. Hayes, 202 Ala. 450, 80 So. 834.

[3] The question of fact, whether the general agent Foster authorized the local agent, Wright, to collect the past-due premium, within the period of the 30 days' grace stipulated by the terms of the policy, was disputed by the tendencies of the evidence, and such a question was properly left to the jury. Stark & Oldham Bros. Lumber Co. v. Burford, 215 Ala. 68, 109 So. 148; McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Brown v. Mobile Elec. Co., 207 Ala. 61, 91 So. 802; Scrimscher v. House, 207 Ala. 334, 92 So. 448; Pacific Mut. Life Ins. Co. v. Hayes, 202 Ala. 450, 452, 80 So. 834.

This question of authority resolves itself into the further inquiries, Did Wright have the express authority to collect the premium in question (Pacific Mut. Life Ins. Co. v. Hayes, 202 Ala. 450, 80 So. 834), or had he the implied authority to that action by the conduct of the company's business toward the assured Reedy after the policy issued, so to induce the latter to the honest and well-founded belief that Wright was authorized to collect of him the premium that was

due? The jury, within its province, found such disputed issue with the plaintiffs' intestate.

There is a clause in the policy to the effect that premiums are payable at the home office, unless "accepted elsewhere if paid to an agent in exchange for a receipt signed by the president, vice president, secretary, or actuary, and countersigned by the agent designated thereon." The receipt in evidence showed that it was to be countersigned by Sterling J. Foster, general agent, Age-Herald Building, Birmingham, Ala.

Appellant says the premium due November 1, 1924, was not paid according to the foregoing provision of the insurance contract, and that a forfeiture was created that was not waived before death; appellees reply to this with the admission of nonpayment at the home office, nor to an agent in exchange for the duly signed receipt of that company, but further say that Reedy paid that premium within the time of grace allowed to Mr. Wright, who had the authority to collect in the premises without exchange of said company's receipt, or that the conduct of the company's business with him by and through its authorized agent, after issue of the policy, was sufficient to induce him to the reasonable and honest belief that Wright was authorized to collect said premium then due, and he so paid within the period of grace allowed.

[4, 5] The provisions of the trilateral contract, requiring that the local agent devote his time and energies "to the service of the general agent and the company" and to observe the rules and regulations of the company "and instructions of the general agent," were binding upon that local agent, if he was specifically or unequivocally requested by the general agent to collect that premium of the assured without having in his possession the company's receipt conditioned on its being countersigned by Foster. The further provision of that contract, that the local agent should not receive any moneys due or to become due to the general agent unless authorized in writing or in exchange for a conditional receipt, was satisfied by the tendency of evidence that Foster wrote to Wright requesting him to collect said premium.

There was no evidence that insured had knowledge or notice of any secret and limited instructions to the contrary. The evidence of Mrs. Wilson and Mr. Wright, and the denials relating thereto, by Foster, and the company's other evidence, as to this controverted question of fact, presented a jury question. Such a status has been adverted to by the Chief Justice in U. S. Life Ins. Co. v. Lesser, 126 Ala. 568, 580, 28 So. 646, 650, saying:

"The question to which the argument of the counsel for the appellant has been mainly directed is whether, in the presence of the condition of the policy 'that no person, other than the president, together with the secretary or actuary, shall have power to alter or waive any contract or condition on behalf of the company,' it was competent for the plaintiff to show that an agent or agents of the appellant, in whose acts neither of these officers participated, had waived the payment of the premium at the time appointed by their acts and conduct superinducing nonpayment, the breach of the condition insisted on as cause of forfeiture. The validity of the condition, and that of it the plaintiff had knowledge prior to the alleged waiver is not disputed; nor can it be doubted that the condition was intended to restrain, and to give notice of the restriction of the authority of agents as distinguished from the officers of the company. Whatever may be the scope—to whatever of contracts or conditions expressed in the policy it may extend—it is not in prohibition or limitation of the power of the company to contract or to abrogate, or to modify contracts or conditions intended exclusively for its benefit. It is no more nor less than a condition reserved for the benefit of the company, of which at its volition it could take advantage, or waive, and delegate to agents the implied power vested in the president in conjunction with the secretary or actuary."

This statement of the rule, as to conditions reserved for the benefit of the company and waiver thereof, has been adhered to by this court. Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Insurance Co. of North America v. Williams, 200 Ala. 681, 682, 77 So. 159.

Again referring to the policy contract and its stipulations, it is declared:

"This policy, together with the application therefor, a copy of which is attached hereto and made a part hereof, shall constitute the entire contract between the parties hereto.

"All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties; and no such statement shall avoid this policy unless it is contained in the written application therefor, a copy of which applications is attached hereto.

"Agents are not authorized to alter or modify this policy of insurance or to extend the time for the payment of any premium. * * *

"All premiums are payable at the home office, but will be accepted elsewhere if paid to an agent in exchange for a receipt, signed by the president, vice president, secretary, or actuary, and countersigned by the agent designated thereon. This insurance is granted upon condition that all premiums be promptly paid when due, and failure to pay any premium or any part thereof when due shall forfeit and cancel this contract and terminate all obligations of the company under this policy, except as herein otherwise provided. No act or series of acts upon the part of the company in sending premium notices and accepting premium payments after maturity shall constitute or evidence a waiver of the provisions of this paragraph."

[6] The conduct, instructions, and interpretation placed thereon by the authorized agent was the inducement in the premises to the insured to pay as he said he did, if he so paid

in fact and within time, notwithstanding any secret terms of the trilateral agreement. Code, § 8371; Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 85 So. 298. It is noted that "all premiums are payable at the home office but will be accepted elsewhere if paid to an agent in exchange for" the duly signed and countersigned receipt of the company. This provision is not limited to subsequent or renewal premiums; it applies to all premiums.

[7] The general agent, for many purposes, was the alter ego of the corporation; it could act only through its authorized agents, and, when so acting as to waiver of forfeiture, bound the principal. The general agent sent out notices of premiums to become due, had the receipts of the company therefor, and the right to countersign the same upon payment. That official was present when the soliciting agent secured the application from the assured and signified his receipt of the same. This action by Foster was with reference to the initial payments, or the first and the May premiums. These collections were made by Wright. There was a waiver as to nonconformance with the requirement that the first payment be in cash. Wright collected the same, and duly remitted Foster part thereof as the General Agent. Thus was assured induced, in the conduct of that business, to the reasonable belief that premiums may be paid to Wright. The agents of the company say that the same was permissible, by reason of the fact that the soliciting agent had interest in said premiums. So Agent Foster had an interest in renewals not beyond the tenth policy year. As to whether there was a renewal receipt for the May premium, the testimony is silent. An agent intrusted with and authorized to countersign and deliver renewal receipts may give credit and make a binding renewal by parol, though that receipt is required to be countersigned by said agent. Bliss on Life Insurance, § 300; U. S. Life Ins. Co. v. Lesser, 126 Ala. 568, 583, 28 So. 646; Insurance Co. of North America v. Williams, 200 Ala. 681, 687, 77 So. 159; Supreme Ruler of Mystic Circle v. Darwin, 201 Ala. 687, 79 So. 259; Locomotive Engineers' Mut. Life & Acc. Ass'n v. Hughes, 202 Ala. 466, 80 So. 850; Security Mut. Life Ins. Co. v. Riley, 157 Ala. 553, 565, 47 So. 735.

In Life & Casualty Co. v. Street, 213 Ala. 588, 590, 105 So. 672, 674, Mr. Justice Somerville said for the court:

"Revival is at the option of the company. The stipulations as to the mode of revival, and the limitation upon its effect, are, however, for the protection of the insurer, and may be waived either expressly or by implication."

And this authority is rested upon the Lesser Case, supra, and 37 C. J. 499, § 241. See, also, Pacific Mut. Life Ins. Co. v. Hayes, supra.

[8-10] There was no error in giving, at plaintiffs' request, charges A and B. Under the rule of express or implied authority and the evidence elucidating such issues, as to whether the general agent sought to collect the premium by way of the local agent was for the jury. Wilson v. Windham, 213 Ala. 31, 104 So. 232; McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. The authority of the general agent in the premises is sufficient. There is further conflict in the evidence of the time or date of the payment of said premium to Wright—whether on November 29, 1924, or December 29, 1924. The court duly submitted such issue of controverted fact to the jury, saying:

"Gentlemen, decide those questions from the evidence in this case. Was Mr. Wright actually authorized or impliedly authorized to collect premiums from the deceased, the one in November, 1924? And, if he didn't have the authority, then the payment made to him didn't serve any purpose, and he couldn't recover in this case, but, if he did have that authority, either express or implied, was the payment made on or before November 29th? Those are your questions."

See Pacific Mut. Life Ins. Co. v. Hayes, 202 Ala. 450, 80 So. 834.

It is unnecessary to observe of the liberal construction, within the terms of insurance policies, long established in this state (Sovereign Camp, W. O. W., v. Adams, 204 Ala. 667, 671, 672, 86 So. 737), that when forfeiture of a condition made for the benefit of the insurer may be claimed or waived at option by its duly accredited authority or agents, within the general scope of the business, and when there is no actual notice of limitations of agency to the contrary, have been the subjects of discussion by this court (Washburn v. Union Cent. Life Ins. Co., 143 Ala. 485, 38 So. 1011; Piedmont & Arlington Life Ins. Co. v. Young, 58 Ala. 478, 29 Am. Rep. 770; Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63).

In Powell v. Prudential Ins. Co. of America, 153 Ala. 611, 45 So. 208; Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175; Satterfield v. Fidelity Mut., 171 Ala. 429, 55 So. 200, the conditions considered were the delivery of the policy and that of its becoming effective.

There was no error in ruling on the evidence. The phone message and letter from Foster to Wright were material and competent on the question of waiver.

[11] We find no error in giving and refusing requested instructions and instructing the jury per the oral charge. When the charge is considered as a whole, we cannot say from the record that the evidence for appellant was overwhelming in its favor and within the rule of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, and N. C. & St. L. Ry. Co. v. Crosby,

194 Ala. 338, 70 So. 7, requiring this court to reverse the trial court for declining to grant the new trial.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.