147 So. 442

### PROTECTIVE LIFE INS. CO. v. GREEN.

### 8 Div. 446.

Supreme Court of Alabama.

March 9, 1933.

Rehearing Denied April 20, 1933.

Cooper & Cooper, of Huntsville, for appellant.

David A. Grayson and Lanier & Pride, all of Huntsville, for appellee.

FOSTER, Justice.

The suit is on a policy of life insurance. The first premium was paid. The second was not paid when due, nor within the grace period allowed. The policy provided for its reinstatement "at any time upon furnishing evidence of insurability satisfactory to the company and upon payment of all past due premiums" etc., the other features are here unimportant.

Plaintiff's evidence tended to show that some three months after the policy lapsed, the local agent made repeated visits to insured seeking to secure its reinstatement by him. That finally he agreed to do so, and that he executed a note for the premium due six months thereafter; that she received the note and sent it to Mr. P. W. Williams, who was shown by the evidence to be the "supervisor" and "agency manager" of defendant. He had requested the local agent to get the policy reinstated. There was sent with the note a certificate of health

of the insured. He received them, threw them in the waste basket, made no response, did not notify the home office, the local agent, nor insured. His explanation is that because no cash was sent with the note it was not acceptable, and that he did not send it to the company, that it was not anything, though insured was not notified of the disposition of the matter. But the local agent testified that when she took the note she explained to insured that a cash payment was required, but did not know how much was required, and without that information she left a blank space in the note when it was signed and sent to Mr. Williams for that amount to be inserted, but he made no response to her in any respect. It does not clearly appear whether the amount of the note otherwise was stipulated in it, but it may be so inferred. It provided that:

"This note is given and accepted to evidence an extension of the time for paying the residue of said premium which shall not be considered as paid unless and until this note shall have been paid on or before the due date hereof. In the event of the death of the insured under said policy before maturity of this note, the amount due hereon shall be deducted from the amount, if any, which may be payable under said policy. If this note is not paid at maturity, it shall thereupon cease to be binding against the undersigned and the said company shall be entitled to retain the amount of said deposit together with any payments made on this note as compensation for the extension hereby granted, and any such payment shall not be taken into account in the determination of any surrender value to which the said policy may be entitled, and all rights under said policy shall be the same as if said cash had not been paid nor this agreement made, except only that the time within which the owner make a choice of benefits, after lapse, as provided in said policy (if any), is hereby extended to the due date of this note but no longer. It is expressly agreed and understood that this note is not accepted in payment of the amount due on said premium, and that the right given by the policy to forfeit the same for nonpayment of such premium is not waived by the acceptance of this note, but is merely postponed until the maturity of the note, and in the event of the nonpayment of the note it is hereby expressly agreed between the parties hereto that without notice from the company or action of any kind the policy shall be without value except as may be otherwise provided in the policy."

There was dispute in the evidence as to the maturity of the note. The local agent testified it was due November 1st, and plaintiff's evidence was that it was due six months after date, which would make its maturity after November 21st, when insured died. But to discuss the legal aspects of the case we assume the truth of plaintiff's evidence which the jury must have accepted.

The policy contained the following clause:

"All premiums are payable on or before their due date at the Home Office of the company or to an authorized agent of the company, but only in exchange for the company's official premium receipt signed by the president, vice-president, secretary or treasurer of the company, and countersigned by the person receiving the premium. The premium is always considered as payable annually in advance, but renewal premiums may be paid in semi-annual or quarterly instalments as provided on the last page hereof. The mode of payment may be changed by agreement in writing and not otherwise. Failure to pay any premium or instalment thereof when due shall cause this policy to cease and determine except as herein provided, and all payments made hereon shall remain the property of the company. If any note or obligation given for a premium, or any part thereof, or in any extension thereof, shall not be paid when due, the policy shall become null and void except as herein provided.

"Grace in Payment of Premiums.

"A grace of one month (not less than 30 days) without interest will be allowed in payment of every premium after the first, during which period the policy will remain in force."

In respect to such terms and their effect upon the power of authorized agents, this court has established the principle: "Whatever may be the scope,—to whatever of contracts or conditions expressed in the policy it may extend,—it is not in prohibition or limitation of the power of the company to contract or to abrogate, or to modify contracts or conditions intended exclusively for its benefit. It is no more nor less than a condition reserved for the benefit of the company, of which at its volition it could take advantage or waive, and delegate to agents the implied power vested in the president in conjunction with the secretary or actuary. Ins. Co. v. Norton, 96 U. S. 234, 24 L. Ed. 689; Ins. Co. v. Doster, 106 U. S. 30, 1 S. Ct. 18, 27 L. Ed. 65; Bodine v. Ins. Co., 51 N. Y. 117, 10 Am. Rep. 556; Lyon v. Travelers' Ins. Co., 55 Mich. 141, 20 N. W. 829, 54 Am. Rep. 354; Ins. Co. v. Earle, 33 Mich. 155; Viele v. Germania Ins. Co., 26 Iowa, 9, 96 Am. Dec. 83." U. S. Life Ins. Co. v. Lesser, 126 Ala. 568, 28 So. 646, 650. See, also, National Life Ins. Co. v. Reedy, 217 Ala. 115, 115 So. 8; Ins. Co. of N. Am. v. Williams, 200 Ala. 681, 77 So. 159.

But to have such authority he must be a general agent. Reliance Life Ins. Co. v. Sneed, 217 Ala. 669 (14), 117 So. 307.

Such agent, having authority, notwithstanding the provisions of the policy, may accept payment otherwise than in cash and

may bind the company by the acceptance of a note extending the time of payment. Reliance Life Ins. Co. v. Russell, 208 Ala. 559, 94 So. 748; U. S. Life Ins. Co. v. Lesser, 126 Ala. 568, 28 So. 646; Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175; Satterfield v. Fidelity Mutual Life Ins. Co., 171 Ala. 429, 55 So. 200; National Life Ins. Co. v. Reedy, 217 Ala. 114, 115 So. 8.

The evidence does not describe the extent of the authority of Williams, and there was no written contract shown fixing a limit upon it. He had been representing the defendant seventeen years, and we have said that he was called the "supervisor" in some of the testimony, and "agency manager" in another part. The local agent reported to him.

In insurance contracts the term "supervisor" has been held in Georgia to describe a general agent, when the contrary does not appear. New York Life Ins. Co. v. Rhodes, 4 Ga. App. 25, 60 S. E. 828.

In respect to the right to extend payment of a premium the Court of Appeals of Alabama has held that a "superintendent" is such general agent, upon the authority of the Lesser Case, supra. Commonwealth Life Ins. Co. v. Roy, 17 Ala. App. 434, 86 So. 520.

 A general agent is one who has authority to transact all of the business of the principal of a particular kind or in a particular place. He has authority to act for his principal in all matters in the ordinary course of business. Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63.

Such a note as the one we have described on its face operates to relieve the insured of the payment of the premium in cash as a condition to reinstatement effective until there is default in its payment at maturity. And if taken by one with authority has that effect. Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175; Washburn v. Union Central Life Ins. Co., 143 Ala. 485, 38 So. 1011; Satterfield v. Fidelity Mutual Life Ins. Co., supra; Norris v. New England Mutual Life Ins. Co., 198 Ala. 41, 73 So. 377.

So, in the absence of notice, that the health certificate and note were not accepted as an effectual reinstatement conditioned upon the payment of the note when due, unless he died before maturity, the jury may find that the insured is lulled into the belief that his tender for that purpose has been accepted.

Upon such a finding by the jury, the policy was conditionally reinstated, and was effective unless there was default in paying the note when due. And since they could find that insured died before default, they were justified in returning a verdict for plaintiff, and the affirmative charge was properly refused appellant.

The charges given and refused are consistent with the principles we have discussed, and do not need separate treatment. We do not think plaintiff's given charge B and defendant's given charge 3 are inconsistent so as to justify the granting of the motion for a new trial. This is so because the evidence shows that insured died in six months after the 9th of June, before the note matured as hypothesized in charge B. If he had died afterwards, the charge would not have been free from error, except on the hypothesis of a payment of the note. Since he died within such time, it is immaterial whether it be affirmed that the date of payment was extended to maturity and conditionally thereafter, or to say as there affirmed that liability was shown. This is not inconsistent with charge 3, which affirms that the note is not a waiver of the payment of the premium for it merely suspends its payment, and does not permanently waive it except on the condition of a payment of the note.

There is no error shown in assignments 13 and 14. The objections and exceptions are not in form to review the rulings of the court.

We do not think that there was reversible error in denying the motion for a new trial.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.