163 So. 326

## SOUTHERN LIFE & HEALTH INS. CO. v. AVERY.

### 4 Div. 827.

Supreme Court of Alabama.

June 27, 1935.

Rehearing Denied Oct. 10, 1935.

C. B. Fuller, of Andalusia, for appellant.

E. O. Baldwin, of Andalusia, for appellee.

THOMAS, Justice.

The appeal presents the question whether forfeiture of a policy for nonpayment of premiums can be waived by the local agent of the insurer.

On this question of fact, was the preponderance of the evidence so decided against the verdict as to clearly convince this court that the verdict for plaintiff was wrong and unjust? Southern Life & Health Ins. Co. v. Turner, 226 Ala. 642, 148 So. 411; Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

Forfeiture of the policy is established by the record. The testimony as to the payment of the premiums to the soliciting agent and on what account or policy, whether on a health and accident or on a life policy, is in dispute. The evidence fails to establish the fact that the executive authority of defendant company ever received such premiums on the original health and accident policy after being advised of forfeiture by nonpayment of premiums. On the contrary, the evidence establishes that defendant did not accept premiums on the policy in question after it lapsed (by reason of nonpayment of premiums) in 1931.

The local soliciting agent had no authority to waive such a forfeiture; and payment to such agent, after forfeiture, without more, does not establish reinstatement; such payment must have been to or accepted by its general agent with knowledge of the forfeiture. Massachusetts Mut. L. Ins. Co. v. Crenshaw, 186 Ala. 460, 65 So. 65; Powell v. Prudential Insurance Co. of America, 153 Ala. 611, 45 So. 208; North Carolina Mut. Life Ins. Co. v. Kerley, 215 Ala. 100, 109 So. 755; Bankers' Credit Life Ins. Co. v. Ayres, 223 Ala. 407, 137 So. 23.

There was evidence as to another policy of date of August 28, 1933, after the lapse of the policy sued on, the application therefor purporting to have been signed by plaintiff; but this fact is denied by plaintiff. The evidence shows it was issued and sent to the local agent for delivery, and receipts were issued acknowledging payment of premiums due on that policy. The acceptance of premiums thereon did not impute to defendant knowledge of plaintiff's intention to have the premiums applied on the former and lapsed policy; nor were such payments sufficient to put defendant on notice that such payments were to be so applied. That is, the acceptance of premiums and receipts set out in the record, purporting to be payments on a subsequent life policy, did not operate as a waiver of forfeiture, or estop defendant from insisting upon the same according to the tenure of such receipts. Lett v. Liverpool & London & Globe Ins. Co., 213 Ala. 488, 105 So. 553.

This is in accord with the authorities to the effect that the acceptance of premiums by a local agent, who, with knowledge of a forfeiture, transmits the premiums to the general agent, together with notice of forfeiture, and the latter retains such premiums so paid, constitutes a waiver or estoppel. New York Life Ins. Co. v. McJunkin, 227 Ala. 288, 149 So. 663; National Life Ins. Co. of the United States of America v. Reedy, 217 Ala. 114, 115 So. 8.

It results that there was reversible error in refusing to give the affirmative charge

for the defendant requested in writing before the jury retired.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.