168 So. 871

## AMERICAN LIFE INS. CO. v. RENFROE.

### 6 Div. 956.

Supreme Court of Alabama.

May 21, 1936.

Rehearing Denied June 25, 1936.

Hugh A. Locke and Frank M. James, both of Birmingham, for appellant.

Pennington & Tweedy, of Jasper, for appellee.

THOMAS, Justice.

The errors assigned challenge the action of the trial court in overruling demurrers to count 1, and refusing charges requested by the defendant.

The action, in Code form, was founded upon a policy of insurance. The defense was that of forfeiture for nonpayment of premiums.

The grace period and reinstatement clauses of the policy are as follows:

"This policy shall be in full force so long as the premiums specified in the consideration clause on the first page hereof are duly paid. A grace of thirty-one days with-

out interest, will be allowed in payment of premium after payment of the first premium on this policy. If this policy becomes a claim by death during the grace period, the premium then due shall be deducted if any settlement of this policy. * * *

"Should this policy lapse unless surrendered to the Company, it may be reinstated at any time within five years, upon presentation of evidence of insurability satisfactory to the Company, and upon payment of all premiums in arrears with interest thereon at six per cent (6%) per annum payable annually in advance, and reinstatement or payment of all indebtedness and interest then outstanding at the time of lapse. On such reinstatement, the Company shall have the right to impose such limitations on its risk as it may see fit."

The evidence has been examined, and there was no error in refusing the general affirmative instruction requested by the defendant under the reasonable adverse tendencies contained therein as to the authority or approval by defendant of the acts of the general agent in accepting from the insured the premium after the expiration of the grace period. McMillan v. Aiken et al., 205 Ala. 35, 40, 88 So. 135.

The authority of a general agent to contract or to abrogate, or to modify contracts or conditions intended exclusively for the company's benefit, and to waive conditions reserved for the benefit of the company, of which at its volition it could take advantage or waive, and delegate to agents the implied power to waive, were questions recently considered by this court. Butler v. Standard Life Ins. Co., 167 So. 307; [1] Protective Life Ins. Co. v. Green, 226 Ala. 512, 147 So. 442; National Life Ins. Co. of United States of America v. Reedy, 217 Ala. 114, 115 So. 8; Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307; Provident Life & Accident Ins. Co. v. Hudgens, 229 Ala. 552, 158 So. 757; New York Life Ins. Co. v. McJunkin, 227 Ala. 228, 149 So. 663; Southern Life & Health Ins. Co. v. Avery, 230 Ala. 685, 163 So. 326; Johnson v. Commonwealth Life Ins. Co., 223 Ala. 668, 671, 138 So. 257, 83 A.L.R. 822; Franklin Life Ins. Co. v. Brantley, 231 Ala. 554, 165 So. 834.

■ The evidence of the witnesses Jones and Montgomery showed acceptance by the general agent of overdue premiums and remittances thereof to the company without certificate of insurability. Mrs. Montgomery testified in this connection as follows:

"Mr. Jones was our agent out here in this territory, Kermit L. Jones. We furnished him stationery showing he was general agent, and we sent his cards like that, and the company had them printed and sent to Mr. Jones. Mr. Jones collected premiums and sent in to us, both first premiums and premiums later on, and for reinstatement. He could collect the premiums, we don't give him any authority, but if he sent in the money we would take it. He didn't have any receipt and couldn't issue receipts; all that came from the office. He does collect money for overdue premiums and send them in to us and we sent out the receipt, and had been doing that ever since he was named agent, and he was the only general agent the defendant had out here."

In Pacific Mut. Life Ins. Co. v. Hayes, 202 Ala. 450, 80 So. 834, it is declared: "Where agent, having authority to accept defaulting premium, accepts premium with knowledge that payment was being made after default, such knowledge was imputable to the company, and forfeiture was waived." New York Life Ins. Co. v. McJunkin, 227 Ala. 228, 149 So. 663.

■ The evidence further showed that the home office received this assured's (intestate's) overdue premium, unaccompanied with certificate of good health, credited or retained the same by collection of the check therefor; and the jury might have inferred that it took no immediate or timely action to require the usual certificate of insurability. Check for the payment of the premium was received by defendant at its office in Birmingham on January 4, 1935, and the insured came to his death by explosion on the 13th day of January, 1935; the evidence showing his continuous good health to that date. That is to say, the company had actual knowledge of the default in payment on the day the premium accrued, the acceptance thereof by its general agent before January 4th, that it was not accompanied with certificate of insurability, and collected the check and retained the money. It cannot be said to have been deceived by the lack of such health certificate; that the risk of loss was increased; or that the waiver of forfeiture for nonpayment created a new contract of insurance.

---

[1] Ante, p. 238.

The legal effect of such waiver with knowledge of the facts was treating the original contract as binding and as if no such cause for forfeiture had occurred or existed (Pacific Mut. Life Ins. Co. v. Hayes, supra; Union Mut. Ins. Co. v. Peavy, 24 Ala.App. 116, 133 So. 300; Life & Casualty Co. of Tennessee v. Street, 213 Ala. 588, 105 So. 672; 37 C.J. pp. 499, 500; United States Life Insurance Co. v. Lesser, 126 Ala. 568, 28 So. 646), notwithstanding the policy provision that it shall become invalid unless premiums are paid when due (Security Mutual Life Insurance Co. v. Riley, 157 Ala. 553, 47 So. 735; National Life Ins. Co. of United States of America v. Reedy, 217 Ala. 114, 115 So. 8; Pacific Mut. Life Ins. Co. v. Watson, 223 Ala. 571, 137 So. 414; Johnson v. Commonwealth Life Ins. Co., 223 Ala. 668, 671, 138 So. 257, 83 A.L.R. 822); and such are the powers of the general agent (Protective Life Ins. Co. v. Green, 226 Ala. 512, 147 So. 442; United Burial & Ins. Co. v. Collier, 24 Ala. App. 546, 139 So. 104).

The several charges requested in writing by the defendant and refused by the court were refused without error. They were misleading, and ignored the necessary and material tendency of evidence of waiver by the defendant at its home office. The respective burdens of proof of the parties and the duty of going forward with the evidence were fully covered by the oral charge.

It follows from the foregoing that there was no error in overruling the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

